CUNNINGHAM, Appellant, *vs.* GRAY, Respondent.

1. The act of March 5, 1849, exempting certain property of wives from the debts of their husbands, only applies where the debts are contracted *after the passage of the act* and before the wife comes into possession of the property.

*Appeal from St. Louis Court of Common Pleas.*

This was an action brought by Cunningham to obtain the legal title and the possession of a lot of ground in the city of St. Louis, which he claimed under a sheriff's deed, by purchase at a sale under an execution against William T. Gray, upon a judgment rendered February 6, 1850. The record did not show at what time the debt accrued, upon which this judgment was founded. The lot was, by William G. Wright and wife, conveyed to Joseph B. Holland, by deed dated January 8th, 1851, in trust for the sole use of the wife of Gray. The plaintiff, claiming that the lot was purchased with the money of Gray, and that the title was made to his wife's trustee to defraud his creditors, brings this suit, making Gray and wife and her trustee, defendants.

At the trial, it was in evidence that the father of Mrs. Gray died in 1833, and by his last will devised to her a female slave, which was in the possession of Gray and wife as early as 1840. It was also in evidence that the mother of Mrs. Gray, about the year 1840, gave her, in money, the sum of $300, and at a later period, $100, and also that, before her death, which took place in January, 1849, she bought a slave for Mrs. Gray. There was evidence tending to show that the lot in controversy was purchased with money arising from the sale of these two slaves, after they had come into the possession of Gray. The court below gave several instructions, the third of which, upon which the case is made to turn, is set out in the opinion of Judge Ryland. There being a verdict and judgment for the defendants below, the plaintiff appealed to this court.

*T. B. Hudson*, for appellant.

*Krum & Harding*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

The questions in this case arise upon the instructions given by the court below. These instructions involve the construc-

tion of a statute of our state, passed by the legislature, and· approved 5th March, 1849, which took effect from its passage. It is entitled " An act to amend an act entitled ' An act to regulate executions.' " The provisions of this act, so far as it is necessary to notice them in this case, are as follows :

§1. " In addition to the property now exempt from levy and sale under execution, by the tenth, eleventh and twelfth sections of the act of which this is amendatory, *the property owned by a woman before her marriage, and that which she may acquire after her marriage, by descent, gift, grant, devise or otherwise,* and the use and profits thereof *shall be exempt from all debts and liabilities of her husband contracted, or incurred by him previous to their marriage, or previous to the time the wife came into* the possession of such property."

1. This statute cannot have any operation upon debts contracted before its passage. It must operate from its date prospectively. Debts contracted before its passage, and property liable to be sold for these debts before its passage, remain unaffected by it. The constitution of the state prohibits the legislature from passing any " law impairing the obligation of contracts or retrospective in its operation." (State Const., art. 13, sec. 17.) It may be then safely asserted that this act of the legislature does not operate, and was not designed to operate upon debts contracted before its passage.

From the record in this case, it cannot be ascertained when the debt on which the judgment of the Court of Common Pleas of St. Louis county was rendered in February, 1850, became due. This judgment is alleged to have been rendered on the 6th of February, 1850. Take this date, then, as the time the indebtedness of the defendant accrued, and it will be after the passage of the act, for the act was passed in March, 1849 ; and from the evidence preserved in the record, it will also be after the property had come into the possession of the wife. Now the act exempts the wife's property from debts and liabilities of her husband, contracted or incurred by him previous to their

marriage, or *previous to the time* the wife came into the possession of such property. If the date of the judgment then be taken as the day of the accruing of the indebtedness, all the evidence on the record shows that the property and money of Mrs. Gray were received by her before that date; and, consequently, the husband's indebtedness was not before, but after the reception by the wife of the money and property. If this be so, such money and property so received are not exempt from such a debt, under the terms of this statute. If we go behind the date of the judgment, and take a previous day as the time of the indebtedness, then we may go to a day before the act was passed, and, consequently, the debt becomes unaffected by it.

In either view, then, the third instruction, given by the court in this case, is erroneous. This instruction is as follows: "If the said property and money were so acquired by Mrs. Gray *after* said debt accrued, and were used by her for the purchase of the lot in question, then he did not furnish the money, and the plaintiff cannot recover." Now it may be that the money and property were acquired by Mrs. Gray *after* the debt accrued, and yet be acquired *before* the passage of the act under which she claims exemption.

The legislature intended that after 5th March, 1849, the property which a woman owned before her marriage, as well as that which she might acquire after her marriage, by descent, gift, grant, devise or otherwise, should be exempt from all debts of the husband, contracted or incurred previous to the marriage, *or* previous to the time the wife came into the possession of such property. The creditors of the husband, under such contracts, could not be presumed to have become such by means of any such property. It was not in his possession before his marriage; it was not in his possession when he contracted debts after his marriage, but before his wife acquired the property, as mentioned in the statute. Such property and money then, coming to the wife in the manner pointed out in this statute, could not be considered a fund in the husband's

hands, by which he might obtain credit. He was not considered as possessing the means, by such property, of extending and enlarging his power or means of becoming indebted. Creditors did not trust him with an eye to such property.

The judgment below must be reversed, and the cause remanded, to be further proceeded with, in accordance with the views set forth in this opinion.

I have not thought it necessary to notice each particular instruction, supposing that many of them will not be required in the further trial of this case. The other judges concurring, the judgment below is reversed, and the cause remanded.