Tally *v.* Thompson.

TALLY & WIFE, Defendants in Error, *vs.* THOMPSON, Plaintiff in Error.

1. *Cunningham* v. *Gray,* ante, 170, affirmed.

### *Error to Jackson Circuit Court.*

Petition by Tally and wife to enjoin the sale under an execution against Tally, of a slave, given to Tally's wife upon her marriage. The marriage took place in 1838. The debt upon which the judgment was rendered was contracted before the marriage. The judgment was rendered in 1843. The execution issued in 1853. The plaintiff was dead when the execution issued. These facts appear in the petition. A demurrer was filed and overruled.

*Napton,* for plaintiff in error. The act of 1849 was only intended to operate upon such debts and liabilities as accrued after the passage of the act. Where a statute admits of a construction which will obviously steer clear of all constitutional objections, our courts have uniformly adopted such construction. To give the law in question here a retrospective operation would be to bring it in direct conflict with the state and federal constitution. (10 Mo. Rep. 517.)

*J. B. Hovey,* for defendant in error. 1. The petition was good without the facts demurred to. The death of the plaintiff in the execution was a good ground for an injunction. 2. The statute of 1849 is constitutional — the same not affecting the obligation of contracts, but altering the remedy for enforcing them. (4 Wheat. 122. 1 McLean, 35. 4 Watts & Serg. 220. 1 How. (U. S.) 315.)

RYLAND, Judge. The question in this case is, whether the act of 5th March, 1849, concerning married women, and entitled "An act to amend an act entitled ' An act to regulate executions,'" exempting certain property of the wife from certain debts of the husband, is designed to operate upon the debts

and liabilities of the husband existing before the passage of the act, or only on such as accrued after the passage of the act.

This very question was settled by this court at the last term at St. Louis, in the case of *Cunningham* v. *Gray*.

It was held that the act had no effect on debts and liabilities existing at its passage ; it could only operate on such as accrue after the passage of the same. The judgment of the court below is therefore reversed, and this case. is remanded ; Judge Scott concurring.