HOCKADAY, Defendant in Error, v. SALLEE, GARNISHEE, Plaintiff in Error.

1. The act of March 5, 1849, (Sess. Acts, 1849, p. 67,) exempting certain property of wives from certain debts of their husbands, is not applicable where such debts were contracted before the passage of the act.
2. A promissory note assigned to a wife is subject to attachment for the debt of the husband.

*Error to Callaway Circuit Court.*

Hockaday obtained a judgment before a justice of the peace against Sandford Jamison in January, 1857, on a promissory note due in July, 1847. An execution issued and John Sallee was summoned as garnishee. On the trial in the circuit court of the issues raised in this garnishment proceeding, it appeared that Sallee, the garnishee, had executed a note for $500 in favor of T. B. Harris, which note was assigned by Harris to Mrs. Jamison, the wife of the defendant in the execution.

*Jones* and *Hayden*, for plaintiff in error.

I. Only a debtor of the defendant in the execution is subject to garnishment on an execution issued by a justice of the peace. (R. C. 1855, p. 965, § 11.) The note assigned to Mrs. Jamison could not be subjected to the payment of her husband's debts contracted before the acquisition of the property. If Mrs. Jamison was the sole owner of the property put into the partnership, being solely interested in the note, it could not be applied to the payment of her husband's debts. If she was interested in the partnership jointly with her husband in proportion to the respective amounts put in by each, the interest of neither being ascertained, the note was not subject to garnishment.

II. There is no provision in the law relating to executions from justices' courts by which Mrs. Jamison could interplead and claim the note as her property. Not being a party to the suit, she would not be bound by the judgment. She could

institute suit against the garnishee and coerce the payment
of the debt a second time. (16 Mo. 252.) There was no
evidence sufficient to warrant the verdict for plaintiff. The
answer of the garnishee is to be taken as true until disproved
by two witnesses, or by one witness and strong corroborating
circumstances. (Davis v. Knapp, 8 Mo. 657 ; 9 Mo. 640 ; 10
Mo. 104 ; 12 Mo. 76.)

*Hardin*, for defendant in error.

I. The debt on which Hockaday obtained judgment against
Jamison was contracted before the passage of the act of
March 5, 1849. (See Cunningham v. Gray, 20 Mo. 170 ;
Tully v. Thompson, 20 Mo., 277.) The rules of evidence as
well as the form of verdict are the same in trials of issues
with garnishees as in ordinary cases. (R. C. 1855, p. 965,
§ 11 ; p. 269, § 32.)

RICHARDSON, Judge, delivered the opinion of the court.

.The questions to be considered. in this case are unaffected
by the act of March 5, 1849, for the benefit of married women,
because the debt on which the judgment was rendered was
incurred before the passage of the act. (Cunningham v.
Gray, 20 Mo. 170 ; Tally v. Thompson, id. 277.)

The note executed by the garnishee and assigned to Mrs.
Jamison during her coverture must be treated in all respects
as if it had been made payable directly to her ; and in refer-
ence to the power of the husband over the wife's choses in
action, it may be observed that there is a difference between
such as accrue before and after marriage. At common law a
note executed to the wife during coverture becomes the abso-
lute property of the husband, but subject to her right of sur-
vivorship in the event of his death before he reduces it to his
possession. He may sue on it without joining her in the
action ; (Chitt. Plead. 33 ;) he can transfer it by his simple
endorsement and thus defeat her interest ; (1 Bright, Husb.
& Wife, 38 ;) or he may release it ; (Shep. Touch. 333 ;)
and a general assignment in bankruptcy by the husband will

carry the wife's chose in action to the assignee, though subject to her right of survivorship if the husband dies before the assignees reduce it to their possession; for they acquire only the right which the husband had before the bankruptcy. (2 Kent, 135.) While living he has the absolute control over it and, with the power of converting it at any time, may appropriate the proceeds to his own use. His creditors may secure this right by garnishment or attachment on execution, which will operate as a statutory assignment of the husband's interest; but as the garnishment only creates a lien, the creditor will obtain no better right than the husband had, and the wife's right of survivorship will not be defeated if the husband dies before judgment. (Shuttleworth v. Noyes, 8 Mass. 229; Commonwealth v. Manley, 12 Pick. 176; Holbrook v. Waters, 19 Pick. 354; Wheeler v. Bowen, 20 Pick. 567; Strong v. Smith, 1 Metc. 476.)

The note, then, assigned to Mrs. Jamison became liable to attachment for her husband's debts independent of any question of fraud or resulting trust, and this view of the law renders it unnecessary for us to consider the exceptions taken to the admissibility of testimony.

The court properly directed the jury in the first instruction given for the plaintiff as to the form of the verdict, and the verdict being in accordance with the instruction is in proper form. The other judges concurring, the judgment will be affirmed.