HAMLIN, Respondent, v. DUKE, Appellant.

1. An award, to be capable of enforcement according to the provisions of the act concerning arbitrations, must be in writing and made upon a written submission; a parol submission and award will, however, be valid and binding if the subject matter of the controversy is such that a parol agreement in respect to it would be valid, and the award made is of such a character that the party in whose favor it is made has a remedy to compel its performance; in such case the award may be pleaded in bar of a suit on the original cause of action.

*Appeal from St. Louis Law Commissioner's Court.*

*Bland & Coleman,* for appellant.

I. The court erred in refusing to instruct the jury as requested. The award was a bar to the suit. (15 Wend. 99; 2 Hill, 271; Kyd on Awards, 261, 10; 12 Johns. 311; 19 Wend. 285.)

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff brought an action before a justice of the peace, against the defendant, to recover damages for an injury done to his mule by the carelessness of the defendant's servant. It appeared on the trial that before the commencement of the suit, the parties submitted the controversy involved in this action to the arbitrament of two persons, mutually selected by them, and agreed to abide by their decision, and that the arbitrators thus chosen made their award that the defendant should pay the plaintiff thirty-five dollars, of which they notified the parties. It was not shown that either the submission or the award was in writing or that the defendant had performed the award. The defendant asked among other instructions the following, which the court refused to give: "If the jury believe from the evidence in the cause that the plaintiff Hamlin and the defendant Duke submitted the matter in relation to the alleged injury complained of in the statement of the cause of action filed in this cause to arbitrators selected and agreed upon between them, and that such arbitrators made an award under such submission, and notified them of such award, then the plaintiff can not recover upon the cause of action filed in this cause."

To entitle an award to be enforced according to the provisions of the act concerning arbitrations and references (R. C. 1855, p. 193) it must be in writing, and so also must the submission; but the statute did not intend to destroy the legal effect of a parol award made under a parol submission.

By the common law when the subject matter is such that a parol agreement between the parties would be valid, a verbal submission and award will be binding upon them. (Caldwell on Arb. 36 & notes, and 302 & notes.) The party has a remedy on an award whenever it creates a new duty, which is substituted for the original controversy, and he can not resort to his action on that which was referred. And whenever the party, in whose favor the award was made, has a remedy to compel performance, the award may be pleaded in bar of a suit on the original cause of action. A void award may sometimes be a good bar if performance is alleged, but an award without performance is a bar to an action on the original demand, if the parties have mutual remedies against each other to compel the execution of the matter awarded. It would be otherwise if there was no remedy for the thing awarded. (Gascoyne v. Edwards, 1 Younge & Jer. 19; 3 Chitty's Plead. 927, note; Armstrong v. Martin, 11 John. 188; Jessemin v. The Haverhill, &c., Iron Manu factory, 1 New Hamp. 68.)

The instruction was improperly refused and for that reason the judgment will be reversed and the cause remanded; the other judges concurring.