ROBERT P. CARTER, Respondent, *v.* SAMUEL SCAGGS AND HARRISON C. GREEN, Appellants.

1. *Ejectment—Forcible Entry and Detainer.*—The proceedings and a judgment in a suit for forcible entry and detainer of premises are no bar to a suit in ejectment for the same premises.

2. *Arbitrations — Submission.*—Arbitration, or an agreement to submit any matters of difference to an award, may be verbal, as at common law, or by writing, under the statute.

3. *Ejectment—Defence.*—In an action of ejectment, the issue to be tried is the plaintiff's right to the possession of the premises sued for, and upon the trial of the general issue the defendant may avail himself of a defence that the plaintiff had not the present right of possession.

*Appeal from Boone Circuit Court.*

*Ewing & Smith,* for appellants.

The only question presented by the record in this case is whether or not the Circuit Court was right in striking out defendant Green's answer. The defendant Green's answer pleads, in bar of plaintiff's right of recovery, an arbitration and an award. Arbitrations, or agreements to submit any matter of difference, may be verbal or by parol—Kyd on Awards, 9, 10, 261; or in writing, in conformity to the statute. This arbitration, it is insisted, constituted a good plea in bar to the plaintiff's right to recover—Kyd, Awards, 261, 381, et seq.; 2 Blackst. Com. 15, and authorities cited. The arbitration was between plaintiff and the widow Scaggs, under whom Green holds, and is as binding between plaintiff and the widow's assigne, Green, as between plaintiff and said widow.

The defendant Green's answer presents the question whether or not, when a suit under the forcible entry and de-

Carter v. Scaggs et al.

tainer law is prosecuted for the recovery of the possession of premises, and the plaintiff in such suit is successful and gets possession, and the defendant therein acquiesces in a judgment for such possession by not appealing, or seeking to reverse such judgment, such judgment can be pleaded in bar to a suit in ejectment between the same parties, when the same identical matter is sought to be readjudicated; or whether in this controversy, or not, such adjudication of the matter in difference between the parties does not render the same adjudicated matter, and if so, whether the same is a bar to the plaintiff's recovery—McKnight v. Taylor, 1 Mo. 282. The matter set up in the latter part of defendant's answer as a bar is clearly *res adjudicata*. The answer states sufficiently the four necessary conditions to constitute the same *res adjudicata;* that is to say, identity of things sued for, identity of the cause of action, identity of parties, and identity of the quality of persons—2 Bouv. L. Dict. p. 465, tit. *Res Judicata;* 3 Pet. 433.

The motion for a new trial, for one or both of the above reasons, ought to have been sustained. The answer, if true, is a bar to the plaintiff's suit, and should not have been stricken out.

HOLMES, Judge, delivered the opinion of the court.

This was an action of ejectment, in which the plaintiff recovered the possession of the land in controversy. No exception was taken to the proceedings on the trial. The only point raised in this court is, whether the court below committed any error in striking out a part of the answer of the co-defendant Green. The portion stricken out (on motion of the plaintiff) alleged in substance, by way of special defence, first, that the plaintiff had, about the month of March, 1861, leased the premises to one Stephen Scaggs, for a term of six years, by a written lease, which was lost; that said Scaggs died in 1863, leaving a widow, who remained in possession of the land; that some dispute having arisen between them as to the right of possession, the matter was submitted

to two arbitrators, upon a verbal agreement that they would stand by their decision, and that the arbitrators decided that " the widow should hold and enjoy the lease," and that immediately afterwards the widow assigned the lease, for the balance of the unexpired term, to the defendant Green, and that the other defendant was his tenant. And second, it is averred that the plaintiff, by violence, entered and seized a part of the house in which the tenant lived, and that the tenant recovered the possession in an action of forcible entry and detainer, and held the same until the expiration of his tenancy; that the matters in dispute were tried before a jury in that suit, and that the plaintiff is seeking in this action another trial of matters already adjudicated.

The award, as pleaded, was no bar to this action. It has been held by this court that the statute did not intend to destroy the legal effect of a parol award under a parol submission at common law, and that in certain cases such an award may be pleaded in bar to a suit on the original cause of action—Hamlin v. Duke, 28 Mo. 166. Without entering into a discussion upon the question whether this was strictly one of those cases, and conceding that this arbitration might have been binding and conclusive upon the immediate parties to it, upon the matters in controversy between them as they existed at that time, it by no means follows that it must constitute a complete bar to this action. We may presume that the widow gave some evidence before the arbitrators in support of her claim to the possession. It is not very distinctly stated in this pleading what the agreement was, nor what matters were submitted to arbitration and decided by the award. It would seem that the widow claimed by virtue of the written lease, which had been lost, and that she had transferred her rights and interest (whatever they were) to the defendant Green, together with the actual possession; but it is not stated what the rent was, if any, nor how payable, nor what were the other terms of the lease; and, for all that appears, the lease and all rights under it may have been forfeited before the commencement of this suit. The

plaintiff may have become entitled to the possession of the premises at that date, though not entitled at the date of the award. The whole matter of his right to the possession was to be tried under the general issue in the ejectment suit; and the defendants could avail themselves of this defence on the trial as well without this special plea as with it, provided that they could prove all the facts necessary to make it a complete defence. The facts which are stated in this portion of the answer which was stricken out, if admitted to be true as stated, do not constitute such defence, and we think it was properly regarded as surplusage, and stricken out as such.

Much less can the proceedings and judgment, in the action of forcible entry and detainer, be considered a bar to this suit. The issues to be tried are not at all the same. In the one case, the matter of the forcible entry and unlawful invasion of an actual possession only is involved; in the other, the absolute right of the possession is to be tried and determined. Under the statute, even one action of ejectment is no bar to another upon the same cause of action.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.