JOANNA MEYERS *et al.*, Defendants in Error, *v.* ORIN H. GALE, Plaintiff in Error.

1. *Husband and wife — Married women, act of 1865 concerning — Separate property of wife, acquired before act, not exempt under execution against husband.*— Under the act as to rights of married women (Gen. Stat. 1865, p. 464, § 14) there is no exemption of the interest of the husband in his wife's real estate, acquired in virtue of the marriage, from seizure and sale in satisfaction of his separate debts contracted after marriage and after the acquisition of her estate, when such indebtedness accrued and such real estate was acquired prior to that act becoming law. In its operation it acts only prospectively. Exemption acts of such character do not impair the pre-existing rights of creditors.

2. *Ejectment — Sheriff's deed of plaintiff's property may be shown under general issue.*— In an action in ejectment, defendant may, under the general issue, show title in himself to the property by proof of judgment and execution against plaintiff, and purchase of the property in controversy by himself at sheriff's sale.

*Error to Fifth District Court.*

*Broaddus & Mansur*, for plaintiff in error.

I. It was not necessary for appellant to plead his title. He could avail himself of it under the general issue. (Carter v. Scaggs, 38 Mo. 302; McCormick v. Fitzmorris, 39 Mo. 35.)

II. Section 14, chapter 115, Gen. Stat. 1865, can not have a retroactive operation, so as to bar existing debts at the time of its going into operation. (Cunningham v. Gray, 20 Mo. 170; Barbee v. Wimer, 27 Mo. 140; 26 Mo. 219.)

III. The court below erred in refusing to admit the sheriff's deed. (McCormick v. Fitzmorris, 39 Mo. 24; Carpenter v. King, 42 Mo. 219.)

*McFerran, Packer, Turner*, and *Mansur*, for defendants in error.

CURRIER, Judge, delivered the opinion of the court.

This is an action of ejectment brought to recover the possession of certain premises described in the petition. The answer put in issue the facts alleged by the plaintiffs as grounds for a recovery. At the trial—as showing title in the plaintiff, Joanna Meyers, the wife of Silas Meyers, the other plaintiff — among other documents, the plaintiffs read in evidence a deed from one Bell and wife to said Joanna, dated April 28, 1866, and conveying to her the premises sued for. On the part of the defense, it was sought to be shown that the title thus acquired by Mrs. Meyers had passed to and vested in the defendant to the extent of her husband's interest therein. For that purpose the defendant offered in evidence a sheriff's deed, which purported to convey to him all of Silas Meyers' right, title, and interest in and to the premises in question. This deed recited a judgment recovered against Meyers in September, 1866, and two judgments recovered against him in December, 1867; that executions were duly issued and levied; and that the premises were subsequently advertised and sold in conformity to law, the defendant becoming the purchaser at the execution sale. The defendant also offered to

show when the indebtedness, which had become merged in the judgments, in fact accrued; but the evidence was objected to by the plaintiffs and ruled out by the court, as was also the sheriff's deed. This action of the court is complained of as erroneous.

The case raises the general question whether the act in relation to the rights of married women (Gen. Stat. 1865, p. 464, § 14) exempts from seizure and sale, in satisfaction of the separate debts of the husband, his interest in his wife's real estate acquired in virtue of the marriage, when such indebtedness accrued and such estate was acquired prior to that act becoming a law. The court below assumed the affirmative of this proposition to be true, and therefore excluded the sheriff's deed and the other evidence offered in support of it. The exclusion of this evidence rests upon a mistaken view of the law. The statute invoked by the plaintiffs does not have the effect attributed to it. In its operation it has reference to the future, and acts prospectively. It was not intended to react upon a past condition of things, so as to impair the rights of creditors as they existed at the time the enactment went into operation. So the court decided in Cunningham v. Gray, 20 Mo. 170, in construing and passing upon an act of the same character as that now under review. The principle of that decision is decisive of the present case as regards the particular question under consideration, and it has since been repeatedly recognized as well founded. (See 20 Mo. 277; 26 Mo. 219; 27 Mo. 140.) It may therefore be regarded as the settled doctrine in this State that exemption acts, like that relied upon by the plaintiffs, do not impair the pre-existing rights of creditors.

It follows from this that if Meyer's indebtedness, which was merged in the judgments, accrued prior to the time when the enactment in relation to the rights of married women went into operation, his interest in the premises sued for is not protected from seizure by his creditors under the provisions of that statute. But it does not appear when the indebtedness against Meyers in fact accrued. The court improperly excluded the defendant's testimony on that subject. The judgments did not show when the indebtedness originated. It must have been prior to their rendi-

tion, and the defendant should have been permitted to show when—whether before or after the exemption act took effect.

It is not claimed by the plaintiffs that the outstanding debts against Meyers were contracted prior to their intermarriage, or prior to the acquisition of the property by Mrs. Meyers, so as to exempt it from seizure under the first section of the act of 1855. (R. C. 1855, p. 754, § 1.) It is suggested, however, that the debts may have been contracted by Meyers as a security, and that the property would therefore be exempt under the provisions of the third section of that act. If the plaintiffs would avail themselves of this section, they must make a case within its provisions. The burden of proof is on them to show affirmatively that the debts were contracted by Meyers as a security; not on the opposite party to show negatively that they were not so contracted.

But it is further insisted by the plaintiffs' counsel that the defendant could not defeat the action by showing title in himself, since he had alleged no such specific ground of defense in his answer. This point is unavailing. The form of the answer constituted no obstacle in the way of making that defense. The sheriff's deed and the other excluded evidence was admissible under the general issue. (Carter v. Scaggs, 38 Mo. 302; and see Brown v. Brown, *ante*, p. 412.)

With the concurrence of the other judges, the judgment will be reversed and the cause remanded.