BARNUM J. PEABODY *vs.* AUGUSTUS RICE & another.

An oral submission to arbitration of the question as to the amount of rent due for past occupation under an oral agreement to pay rent, and an oral award thereupon, do not concern an interest in real estate, and are binding upon the parties.

An award made after reasonable notice to the parties and a reasonable opportunity given for a hearing, is not invalidated by the fact that the arbitrators, without fraud or corruption on their part, have refused to postpone the hearing to enable a party to produce a witness.

CONTRACT. The declaration contained two counts, one on an account annexed for rent, the other upon an award.

At the trial in the Superior Court, before *Dewey*, J., it appeared that the defendants had been tenants of the plaintiff for several years, under a parol lease, at an annual rent of $800 ; that a controversy arose as to whether any deduction should be made from the rent, on account of alleged interruptions of the beneficial use of the premises ; that the parties made a parol agreement to submit the matters in controversy to three referees ; that in accordance with this agreement referees were selected that they gave notice to the parties and heard them upon the matter submitted ; that the defendants wished a postponement till the next morning, in order to introduce the evidence of one

Goodell; that the defendants not appearing the next morning, and not offering the testimony of Goodell, the referees made a parol award in favor of the plaintiff of a definite sum for rent, and notified the parties thereof.

Rice, one of the defendants, testified that he understood that the award was not to be made till Goodell had been called as a witness, and that the necessary absence of Goodell rendered it impossible to call him the next morning.

There being a controversy between the parties as to whether all the matters growing out of the defendants' tenancy were submitted to the referees, or only the amount of deduction, if any, that should be made from the rent, this question was left to the jury, who found " that there was a submission between the plaintiff and the defendants of all matters between them growing out of the hiring by the defendants."

The defendants contended that the submission and award, being by parol, were not binding upon them.

The court ruled that the award was not on that account invalid.

The defendants contended that the award was not binding, because they had not been fully heard before the referees.

The court instructed the jury as follows : That before the referees made an award, they must give reasonable notice to the parties, and give them an opportunity for a hearing ; that if they did so and made their award, it was binding in the absence of fraud or corruption; that the jury were to consider what was done in relation to the submission, what took place at the hearing, and what was said as to further evidence, upon which question they had the testimony of the parties and of the referees ; that if reasonable notice of the hearing was given and an opportunity given to the parties to introduce evidence, it was a matter in the discretion of the referees, whether they would postpone the case for further hearing or would give other opportunities of calling witnesses to either party ; that if they decided the case without so doing, their award was not invalid for that cause, unless there was evidence of fraud or corruption on their part; that fraud or corruption on the part of. the referees would

invalidate the award, and that the plaintiff could not then recover.

At the conclusion of the charge, the defendants' counsel asked the court to instruct the jury, " that, if the hearing was postponed for further evidence, and the referees made their award without having further evidence, the award would not be valid."

The court declined so to instruct the jury, but instructed them that such conduct of the referees would be evidence of fraud and corruption on their part.

The jury found a verdict for the plaintiff for the amount of the award, and the presiding judge reported the case for the determination of this court. If the rulings given were incorrect, or if the court should have ruled as requested by the defendants, then the verdict was to be set aside and a new trial ordered; otherwise judgment was to be entered upon it.

*W. W. Rice,* for the defendants.

*F. A. Gaskill,* for plaintiff.

COLT, J. The defendants had been tenants of the plaintiff for several years under a parol lease. A fixed sum was originally agreed on for the annual rent, but the defendants claimed that there should be deductions on account of alleged interruptions in their use of the premises. Upon a disagreement as to the amount due for rent occasioned by this claim, a parol submission to arbitration of all matters between the parties growing out of the hiring was entered into, and an award was made in the plaintiff's favor of a definite sum for rent.

The second count in the plaintiff's declaration is upon this award, and a jury have found for the amount of the award.

The defendants claimed that the submission and award being oral were not binding on them under the statute of frauds. But the subject matter of the submission was the amount of rent due for the past occupation of the plaintiff's premises under an oral agreement to pay rent. Such an agreement is binding so far as to fix the amount to be paid. The rule that the submission and award must be in writing in all cases where a contract in relation to the subject matter is required to be in writing is therefore not

applicable. The award does not affect any interest in real es-
tate; it only fixed the amount due for rent accrued.

As to the second point: under the instructions given, the jury
must have found that the award was made after a reasonable
notice had been given to the parties, and after an opportunity
for a hearing had been had, without fraud or corruption on the
part of the arbitrators. This is sufficient to give it validity as
against the objections now made, and the ruling asked for by
the defendants was properly refused.

*Judgment on the verdict.*