CHARLES J. SEARLES, Respondent, v. JAMES J. LUM, Appellant.

**St. Louis Court of Appeals, November 28, 1899.**

1. **Arbitration:** ABSENCE OF STATUTE: COMMON LAW PREVAILS. In the absence of any statutory law in Mississippi on the subject, it will be presumed that the common law of arbitration and award prevails in that state.

2. ———: ORAL SUBMISSION: AWARD IN WRITING. Matters submitted for arbitration orally are merged in the award, and the award in writing returned partakes of the nature of a judgment, and as a contract would be regarded as a specialty.

3. ———: ———: ———: STATUTE OF LIMITATION NOT APPLICABLE. The statute of limitation of Mississippi governing the bringing of action on current accounts, or accounts stated, does not include actions on contracts classified as specialties, such as awards and judgments.

Appeal from the St. Louis City Circuit Court.—*Hon. Franklin Ferris*, Judge.

AFFIRMED.

*Boogher & Taylor* for appellants.

(1) The law of Mississippi governs as to the limitation of this action. Mississippi Code, 1892, Ch. 83, secs. 2739 and

2755; McMerty v. Morrison, 62 Mo. 140; Baker v. Stone-bracker's Adm'r, 36 Mo. 338; St. Louis Type Foundry Co. v. Jackson, 128 Mo. 119; Lyman v. Campbell, 34 Mo. App. 213. (2) This is an action for breach of contract, and not on a judgment. Morse on Arbitration and Award [Ed. 1872], pp. 576 and 579; Bates v. Curtis, 21 Pick. (Mass. 1838), 247; Whitcher v. Whitcher, 49 New Hampshire, 176; Morse on Arbitration and Award [Ed. 1872], 3 and 36; Morse on Arbitration and Award [Ed. 1872], page 36, says: "Submission is the technical designation of that *contract* (italics are ours), by which the parties agree to refer matters which are in dispute, difference or doubt between them, to be finally decided by judges named by the parties and called arbitrators." And again (page 3): "A submission is a contract."

*Fauntleroy, Howe & Fauntleroy* for respondents.

Under the head of "Specialties," "Bushnell on Limitations," etc., uses the following language: "The statute can not be pleaded to defeat an action of debt on an award under the hand and seal of arbitrators, for, although such an award may not, for all purposes, be considered a specialty, that name being given only to an instrument under the hand and seal * * * yet it has been considered as being of the nature of a specialty, so far as to be within the intent of the statute of limitations. For, the purpose of the statute being to limit the time for bringing actions on simple contracts, without writing under hand and seal, the prosecution of which, long after the cause of action had accrued, was the occasion of perjury * * * this reason can not apply to a case so easily to be ascertained, as an award under the hand and seal of the arbitrator. And the statute can not be pleaded in an action of debt on such an award, even though the submission be not under seal; and it seems that if the submission be under seal, the award need not be." Bushnell on Limitations, etc., p. 217-218; Smith v. Lockwood, 7 Wend. 244; Pierce v. Pierce, 60

N. H. 355; Green & Coats v. Moore, 67 Pa. St. 79; Halon v. Halon, 55 Vt. 321.

BLAND, J.—The petition alleges in substance, that matters of dispute as to the amount of money due from defendant to plaintiff, on account of moneys paid out by plaintiff to the use and benefit of defendant and at his request, were by an oral agreement made by and between plaintiff and defendant submitted to three arbitrators selected and chosen by plaintiff and defendant, to wit, W. L. Wells, Eug. Martin and S. C. Ragan; that in pursuance to said agreement the arbitrators met at Vicksburg, Mississippi, heard the evidence produced by both parties, touching the matters in dispute, and afterwards, to wit, on November 15, 1893, made the following award, to wit:

"Vicksburg, Miss., November 15, 1893.
"Messrs. J. J. Lum and C. J. Searles:

"Regarding the controversy between yourselves, submitted to us for arbitration, we beg to say that our decision is that Mr. J. J. Lum is due Mr. C. J. Searles five hundred and seven 21-100 dollars ($507.21).

"W. L. Wells,
"Eug. Martin,
"S. C. Ragan."

Defendant was duly notified of said award, and plaintiff immediately demanded of defendant the payment of the amount so awarded, but that defendant refused to pay said award or any part thereof. The answer was, first, a general denial, and second, a plea of the following statute of limitations of the state of Mississippi: "Actions upon an open account or a stated account, not acknowledged in writing, signed by the debtor, or any unwritten contract, expressed or implied, shall be commenced within three years after the cause of action accrued, and not after." And said statute further provides that:

"The completion of the period of limitation herein prescribed to bar any action, shall defeat and extinguish the right as well as the remedy."

There were three other defenses set forth in the answer, but as there was no evidence offered in their support it is unnecessary to set them out in this opinion. The reply was a general denial of the new matter. The issues were submitted to a jury. Plaintiff to sustain the issues on his part, offered evidence tending to prove the oral submission to arbitration of matters of disputed account between himself and defendant, and read in evidence the award set forth in his petition, and testified that notice thereof was duly given of the award to both plaintiff and defendant, and of the defendant's refusal to pay the amount awarded. On the part of defendant the statute of limitations plead in the answer was read in evidence; also evidence tending to prove that defendant at all times was a resident of Vicksburg, Mississippi, and that he was served with process of summons in the suit while temporarily stopping in the city of St. Louis. At the close of the evidence the court at the instance of defendant peremptorily instructed the jury to find for the defendant, which was done and judgment entered thereon. Plaintiff filed his motion for new trial, which was sustained upon the ground as assigned by the court that "the court committed error in ruling that the statute of limitations read in evidence barred plaintiff's right, and in giving the peremptory instruction."

The Mississippi statute pleaded and read in evidence defeats and extinguishes the right, as well as the remedy, and it is conceded by both parties that if the cause of action comes within the purview of the statute plaintiff can not recover. In other words, if the action is on an open account or account stated and is not acknowledged in writing, plaintiff can not recover. The action is grounded on the written award of the arbitrators, brought about by an oral agreement of submission. The force and effect of this award and the nature

of the action founded thereon, will determine whether or not the cause of action is barred and extinguished by the statute. No statute of the state of Mississippi, touching the subject of arbitration and award was put in evidence. In the absence of any statutory regulation on the subject, the territory composing the state having at one time been under the jurisdiction of England, it will be presumed that the common law of arbitration and award prevails in that state. Benne v. Schnecko, 100 Mo. 250; Burdict v. Railway, 123 Mo. 221; Houghtaling v. Ball, 19 Mo. 184; Roll v. Mining Company, 52 Mo. App. 60. At common law an agreement to submit a matter in controversy, is a contract, and may be oral or in writing, Morse on Arbitration and Award, 50; Carter v. Scraggs, 38 Mo. 302; Bonnell v. Lee, 58 Mo. App. 288; Hamblin v. Duke, 28 Mo. 166, and the award when made creates a new duty and a new obligation. The award is substituted for the original controversy, all matters of dispute within the scope of the submission being merged in the award. Morse on Arbitration and Award, p. 490; Hamlin v. Duke, *supra*. A common law award is final and conclusive as between the parties as to all matters within the scope of the submission. Morse on Arbitration and Award, p. 487; Thornton v. McCormick, 75 Iowa, 285; Curby v. Dean, 10 Am. Dec. 140; Johnson v. Noble, 38 Am. Dec. 485; In re Curtis, 42 Am. State Rep. 200, and is in the nature of a judgment, from the obligation of which nothing can release the party against whom it is made, but payment or a release. Hynes v. Wright, 36 Am. State Rep. 344; Morse on Arbitration and Award, 487, *supra*. This suit being on the award, which was in the nature of a special contract to pay a specified sum of money, is not barred or extinguished by the Mississippi statute. Bushnell on Limitations, pp. 217 and 218; Green & Coats S. R. R. Co. v. Moore, 64 Pa. St. 79. Counsel for appellant has cited the case of Bates v. Curtis, 21 Pick. 247, as supporting the doctrine that the suit is in assumpsit, as for money had and received, or as a count of *insimul*

*computassent.* In that case it was ruled that an action upon an award made under a parol submission could be brought on a count of *indebitatus* assumpsit as for money had and received and *insimul computassent.* The basis of the common law action of assumpsit, is the defendant's undertaking, expressed or implied to do something which he has failed to perform, and was the appropriate remedy for the recovery of money on all contracts not evidenced by a sealed instrument or special obligation to pay a fixed sum. The case of Bates v. Curtis, does not in the least impugn the dignity and binding effect of the award. In that case the award being *in pais* and not a specialty, *indebitatus* was the proper common law action for its enforcement, and a count of *insimul computassent* could be supported on the fiction that the parties had agreed upon the amount due on settlement made by them through the arbitrators, evidenced by the written award. Whitcher v. Whitcher, 49 N. H. is a case on all fours with Bates v. Curtis, *supra.*

The ruling of the learned circuit judge on the motion for new trial is approved by us and the judgment is affirmed. All concur.