Triplett v. Sims.

W. H. TRIPLETT, Appellant, v. MRS. BETTIE SIMS, Respondent.

St. Louis Court of Appeals, April 23, 1901.*

1. **Arbitration:** STIPULATION FOR ONE TO ACT AS JUSTICE OF THE PEACE. A stipulation for one to act as justice of the peace and conduct the trial as if he were a justice of the peace, is not a common-law submission and arbitration. It is neither more nor less than an agreement for said person to act as justice of the peace instead of the justice elected and qualified.

2. ———: ———: SUBMISSION TO ARBITRATION. A submission to arbitration is a contract. It must have all the elements necessary to a contract, of which a fundamental one is, that the minds of the parties have met in an agreement to do a specific thing; in the case at bar, to submit their dispute to arbitration.

3. ———: ———: ———. And in the case at bar, the subject of arbitration, whether common law or statutory, was not limited during the negotiations which culminated in the consent that C. might sit as justice of the peace.

Appeal from Audrain Circuit Court.—*Hon. Elliott M. Hughes,* Judge.

AFFIRMED.

STATEMENT OF THE CASE.

In 1899 a street fair was held in the city of Mexico, Missouri. Four premiums were offered by the association for the best display of farm products. One of the conditions

*This case was received too late to be placed in chronological order.

was that any commodity entered must have been raised by the exhibitor. Plaintiff and defendant displayed products. Plaintiff was awarded fourth, and defendant second premium. Plaintiff afterwards filed suit against the defendant before B. F. Tomlinson, a justice of the peace, for damages on the ground that the defendant had secured the second premium by falsely representing that her exhibit was raised on her farm when it was not; that thereby she prevented plaintiff from getting said premium, which otherwise he would have received, so that he was damaged to the amount of said premium, to-wit, $20, and $50 besides, on account of the loss of the advantageous advertising of his farm that would have resulted if he had gotten second prize. This cause of action was stated in a separate count. Tomlinson, the justice of the peace, fell ill so that he could not be in his office on the day the case was set for trial, and to avoid a continuance, the attorneys of the respective parties agreed that A. B. Cluster, a lawyer, might preside in his place. The stipulation was as follows: "We, P. H. Cullen, attorney for defendant, and J. T. Baker, attorney for plaintiff, in the above entitled cause do hereby agree and consent to have A. B. Cluster sit as justice of the peace, and hear, and preside at said trial in the place of B. F. Tomlinson before whom the papers in the case were filed.

"P. H. CULLEN, by COIL.
"JOHN T. BAKER.
"A. B. CLUSTER, acting as J. P."

It is conceded the right to appeal was reserved. The cause then proceeded as if before an actual magistrate. Plaintiff was twice ruled to give security for costs, seventy-five witnesses, or more, were subpoenaed, there were two trials to a jury, the second resulting in a verdict for the plaintiff assessing his damage at one dollar. Defendant appealed to the circuit court. Both parties agreed that they would not raise the

question of Cluster's jurisdiction or authority in the upper court, and while the evidence is perplexing as to just what happened in that respect, the best we can make of it is that both did raise it and the circuit court dismissed the appeal. The plaintiff afterwards brought this action, setting up all the facts, the judgment of the acting justice, Cluster, in his favor for one dollar, and the costs of the trial amounting to $276.20, for all of which he prays judgment. At the conclusion of the plaintiff's evidence the court below sustained a demurrer to it, from which judgment the present appeal was prosecuted.

*Jno. T. Baker* and *Fry & Clay* for appellant.

(1) The agreement which formed the basis of this suit was a common-law and not a statutory arbitration and is binding on the defendant. A statutory arbitration does not supersede and prevent a common-law arbitration. Williams v. Perkins, 83 Mo. 379; Donnell v. Lee, 58 Mo. App. 288; Hamlin v. Duke, 28 Mo. 166. "At common law, an agreement to submit a matter in controversy is a contract and may be either oral or in writing." (2) "When anyone has induced another to accept a particular hypothesis, he shall not afterwards, to the injury of that other, contradict that hypothesis." Taylor v. Sangrain, 1 Mo. App. 312. (3) Again, a party can not take advantage of his own wrong. "The rule has long and firmly been established that where one by his words or conduct willfully or knowingly causes another to believe in a certain state of things and induces him to act on that belief, the former is precluded from averring against the latter a different state of things as existing at the time." Taylor v. Zepp, 14 Mo. 482; Acton v. Dooley, 74 Mo. 63; DeBerry v. Wheeler, 128 Mo. 84; Fowler v. Carr, 63 Mo. App. 486. (4) Defendant represented that he would abide by the award and decision of

Triplett v. Sims.

said Cluster. "One who makes representations upon which he expects another to act and upon which such other relies and is induced to act to his detriment, will be estopped to question the truth of what was represented." Gernhart v. Finney, 40 Mo. 449; Bank v. Frame, 112 Mo. 502.

*P. H. Cullen* for respondent.

(1) The evidence in the case fails to establish an arbitration and award. The agreement attempted to clothe a non-judicial person with judicial powers and by consent this agreement was abrogated and the entire proceedings vacated by the judgment of the circuit court striking plaintiff's cause from the docket. Bishop v. Nelson, 83 Ill. 601; Hoagland v. Creed, 81 Ill. 506; Cubb v. The People, 84 Ill. 511; Cooley Cons. Lim. (6 Ed.), p. 792. (2) It is well settled that no action can be maintained on a void judgment. Pennywit v. Kellogg, 1 Cinc. Sup. Ct. Rep. 17; Needham v. Thayer, 147 Mass. 536; Ellis v. Ins. Co., 8 Fed. Rep. 81; Hall v. Williams, 6 Pick (Mass.), 332; Townsend v. Cox, 45 Mo. 401. This action is not based on a judgment, but if it were, no recovery could be had for the reason the judgment is void and was duly appealed from and the cause stricken from the docket in the circuit court, thereby destroying and vacating any action of the lower court. (3) The circuit court had no jurisdiction in this action because the amount in controversy was only one dollar and allegations in the petition of a larger amount were not proved by the evidence and manifestly alleged for the purpose of attempting to give to the circuit court jurisdiction. To an understanding of this point the court must consider the following, viz.: Common-law arbitrators can not subpoena witnesses or administer oaths to them. Am. and Eng. Ency. of Law (1 Ed.), pp. 678, 679. Costs at common law were not re-

coverable by either party in a suit at law.   5 Ency. of Pl. and Pr., 108.

GOODE, J.—This case vividly illustrates the protean phases which litigation presents and the novel questions that are constantly arising.   The original action before the justice was unlike anything theretofore known and the circumstances attending its progress were equally strange.   It is obvious there was literally nothing in the plaintiff's alleged cause of action against the defendant.   So, the agreement to improvise a temporary justice of the peace out of Cluster, who should act for the nonce in the place of Tomlinson, stands by itself—thing apart.

If he was a *de facto* officer, the appeal from his judgment was regular, the circuit court acquired jurisdiction, and the judgment of dismissal finally disposed of the controversy, as the plaintiff did not bring the case up.

Appellant's present position is that the stipulation for Cluster to try the case was a common-law arbitration, that his judgment was an award, and the plaintiff has a right to maintain this action to recover the amount of it.

Common-law arbitrations still exist and are as good as any, when the parties agree to them.   Searles v. Lum, 81 Mo. App. 607; Hamlin v. Dupe, 28 Mo. 166; Williams v. Perkins, 83 Mo. 379.   But it is preposterous to say the stipulation for the trial before Cluster was a common-law submission and arbitration.   It was neither more nor less than an agreement for Cluster to act as justice of the peace instead of Tomlinson; in fact he subscribed all of his entries, including the judgment, "B. F. Tomlinson, J. P., by A. B. Cluster, acting for said J. P.," or in similar formulas.   It was the understanding that either side might take a jury and an appeal.   The controversy was not determined by Cluster as an arbitrator, nor determined

by him at all but by the second jury.

A submission to arbitration is a contract. Morse on Arbitration and Award, pp. 3 and 36. It must have all the elements necessary to a contract, of which a fundamental one is, that the minds of the parties must have met in an agreement to do a specific thing, in the present case to submit their dispute to arbitration. It is beyond peradventure that no such agreement or understanding existed. The attorney for the plaintiff, who made the stipulation, swears emphatically, the idea that it was an arbitration never occurred to him until after the trial was begun and only then by the construction he placed on the document. The subject of arbitration, whether common law or statutory, was not bruited during the negotiations which culminated in the consent that Cluster might sit. If the affair was *anything* better than a mock trial and a farce, it was because Cluster was a *de facto* magistrate. We think he was not even that, which is the most favorable theory for the appellant. If he was, this proceeding will not lie; hence, in any event the judgment is right and is affirmed. All concur.