# WILLIAM BUNNELL, Respondent, v. WILLIAM REYNOLDS, Appellant.

## Kansas City Court of Appeals, November 8, 1920.

1. **ARBITRATION: Two Kinds in Missouri: Distinction: Statutory by Writing: Common Law by Parol.** There are two kinds of arbitration recognized in this State, Statutory and Common Law, and distinction between the two is that the submission under the statute is by writing and under the common law by parol.

2. **———: Award: Statute of Frauds: No Distinction Under Statute Between Sales Concerning Real Estate and Sales Concerning Goods: Sale of Goods: Submission to Arbitration Must be in Writing Otherwise the Arbitration is Illegal and there Can be no Recovery Upon the Award.** The Statute of Frauds concerning the sale of land requiring that the sale shall be in writing does not make oral sales of real estate absolutely void, but only voidable, and there being no logical distinction between the submission to arbitration of controversies, involving the Statute of Frauds, concerning the sale of real estate, and the statute, concerning the sale of goods, wares and merchandise, the arbitration is illegal and no action can be maintained upon the award unless the submission to arbitration is in writing.

Appeal from DeKalb County Circuit Court.—*Hon. Alonzo D. Burnes*, Judge.

REVERSED.

*Williams & Robinson* for respondent.

*Hewitt & Hewitt* for appellant.

BLAND, J.—In the spring of 1918 plaintiff orally agreed to sell defendant his crop of wool to be clipped that spring and to be delivered the following summer, at the price of 75 cents per pound. After the sheep were sheared plaintiff offered the wool to defendant. Defendant insisted that he could not lawfully accept the wool by

reason of the federal government having taken control of all wool production. Thereupon the parties orally submitted to arbitrators the question as to whether defendant should take the wool at 75 cents per pound under the agreement. The arbitrators found that defendant should take the wool at the stated price and provided that if defendant did not take it plaintiff was to sell the wool and that the defendant should pay the difference between the price he had agreed to pay and the price it would bring at such a sale. Defendant refused to take the wool as directed by the arbitrators and plaintiff sold it and sued defendant for the difference between the price realized and the contract price, basing his suit upon the award of the arbitrators. Defendant pleaded the Statute of Frauds. At the conclusion of the evidence the court refused an instruction in the nature of a demurrer to the evidence offered by defendant. There was a verdict in favor of plaintiff and defendant has appealed.

Defendant contends that the contract was within the 17th section of the Statute of Frauds (Section 2784, R. S. 1909), which was pleaded in the answer, as involving more than $30; that there was no delivery or acceptance of any part of the goods to be sold or anything given in earnest to bind the bargain or in part payment, and that as the subject-matter of the arbitration must have been in writing in order to have been enforceable, the submission to arbitration was void and of no effect, for the reason that the submission was not in writing. Plaintiff admits that the agreement to buy the wool was within the Statute of Frauds but urges that it was not necessary that the submission he made in writing as the submission was a common law one and was valid under the common law although it was oral.

There are two kinds of arbitration recognized in this State, statutory and common law. The distinction between the two is that the submission under the statute is by writing and under the common law by parol. [Thatcher Implement & Merc. Co. v. Brubaker, 193 Mo. App. 627, 634.] Under the ancient common law parties might

submit matters in dispute, such as concerning personal chattels or personal wrongs, to an arbitrator or arbitrators to decide the controversy, and when a decision, which was called an award, was made the same was as binding as the judgment of a court. But it was held that real property could not pass by award for under the feudal system the superior feared that the land would be collusively alienated if such practice were allowed. [3 Cooley's Blackstone on Commentaries, p. 10.] In this country the reason of the ancient common law prohibiting the submission of controversies involving title to real estate has, of course, never been in existence, but the courts, while they have allowed on oral submission of controversies relating to real estate, have uniformly forbidden an oral submission of controversies affecting the title to real estate generally for the reason that the Statute of Frauds prohibits the transfer of the title to real estate except by writing, and as the subject-matter of the arbitration is required to be in writing so also must be the submission to arbitration. [2 R. C. L., p. 359; Morse on Arbitration and Award, pp. 50, 51, 54, 55.]

But plaintiff insists that as the contract was not absolutely void under the provisions of section 2784—that it would be good if no objections were made to verbal proof of the contract—the rule that there can be no binding submission where the matter in dispute involves or grows out of an illegal transaction has no application to the facts in the case at bar. The Statute of Frauds concerning the sale of land requiring that the sale shall be in writing, does not make oral sales of real estate absolutely void but only voidable. [St. L. K. & N. W. Ry. Co. v. Clark, 121 Mo. 169; Aultman v. Booth, 95 Mo. 383.] We see no logical distinction between the submission of controversies involving the Statute of Frauds concerning the sale of real estate and the statute concerning the sale of goods, wares and merchandise such as is involved in this case. In fact it is the universal rule that "where, from the subject-matter of the arbitration, a writing is necessary to pass the right to the thing in demand, or

to defeat or destroy the demand, the submission must be in writing." [5, C. J. 35; Morse on Arbitration and Award, 50; Peabody v. Rice, 113 Mass. 31, 33; Brown v. Mize, 119 Ala. 10, 17; Smith v. Douglass, 16 Ill. 34; McMullen v. Mayo, 8 Smedes & M. 298 (Miss.).]

It is stated in the case of Hamlin v. Duke, 28 Mo. 166, 168—

"By the common law when the subject-matter is such that a parol agreement between the parties would be valid, a verbal submission and award will be binding upon them."

In connection with the above statement from the Hamlin case, plaintiff argues that as section 8047, Revised Statutes 1909, makes the common law of England, prior to the fourth year of the reign of James the First, the common law of this State, and as the Statute of Frauds was passed (29 Car. II) after the reign of James the First, that under the common law of this State, irrespective of the statute, the sale of the wool in controversy was valid although made orally; that as such sale was valid under the common law as it exists in this State the oral submission was valid under the holding in the Hamlin case. The Hamlin case did not involve the Statute of Frauds in any manner. It was a proceeding to recover for injuries done plaintiff's mule by the carelessness of defendant's servant. The words used *arguendo* by the learned judge who wrote the opinion in that case, which are quoted above, was no more than a statement of what the rule *was* at common law and has no reference to controversies affected by the Statute of Frauds enacted in this State, and it is not authority for the proposition that a controversy growing out of an oral sale of goods, wares and merchandise such as is mentioned in section 2784 may be orally submitted to arbitration since the enactment of said statute.

As there was no legal arbitration in this case, the court should have given defendant's instruction in the nature of a demurrer to the evidence. The judgment will, therefore, be reversed. All concur.