GEORGE P. WREN, Plaintiff in error, *v.* SHELDON B. FARGO, Defendant in error.

*Benton County.*

1. When it is apparent that an alteration has been made in an executed instrument, parol evidence is admissible to show under what circumstances the alteration was made, and by whom, and when.

2. The Board of County Commissioners is a body of limited jurisdiction, and having approved of the sheriff's bond, the commissioners could not afterward, on their own motion disapprove the same, and thus change the vested rights of parties in the bond.

THIS action was commenced by Fargo against Wren, for the usurpation of the office of sheriff of Benton county, and for the recovery of the fees and emoluments of the office during the usurpation thereof. Fargo alleges that on the 7th day of June, 1858, he was duly elected sheriff of the county, and on the 6th day of July thereafter, at the July session of the Board of County Commissioners, he presented his official bond, which was accepted and approved by the commissioners, and he was then and there duly installed in the office of sheriff, and that afterwards the office was usurped by Wren. The answer of Wren traverses all

these allegations, and claims that the official bond tendered by Fargo was disapproved by the commissioners, instead of approved, as alleged. These issues were submitted to a jury, and, at the trial, Fargo offered in evidence his original official bond, which he claimed had been accepted by the commissioners, and it appearing by inspection thereof that the indorsement on the bond had been materially changed or altered, the Circuit Court admitted parol evidence to account for the apparent change or alteration of the indorsement on the bond. Plaintiff in error objected to the admission of parol evidence, and his objection being overruled by the judge, and the evidence admitted, he took exception to the ruling. The parol evidence in substance shows that, on the 6th day of July, 1858, at the July session of the board, the official bond of Fargo was presented by him for approval. The clerk of the Board of Commissioners received it, and showed it to each of the commissioners, and they having pronounced it a good bond, he indorsed on it "Approved," and administered the oath of office to Fargo. On the next day of the same session, in the absence of Fargo and without his knowlege, the commissioners sent for two of the sureties on the bond and informed them that Fargo was in arrears to the county to the amount of twenty-eight hundred dollars, and thus they were induced to have their names erased from the bond, which had already been approved and filed on the day before. The commissioners then immediately disapproved the bond and ordered the syllable "dis" to be prefixed to the word "approved" indorsed on the bond on the previous day. The office of sheriff was declared vacant by the commissioners, and Wren was appointed to fill the vacancy. In the court below the decision was in favor of Fargo, and the cause was taken to Supreme Court by Wren for error.

*Curry & Powell*, counsel for plaintiff.

*G. H. Williams, Esq.*, counsel for defendant.

PRIM, J. The plaintiff in error contends that the court below improperly admitted parol evidence to account for the apparent alteration of the indorsement made on the official bond of Fargo by the Board of County Commissioners, because, he says, it contradicts the written terms of the record. If that were true, the objection would be a good one; but, we think, such was not the effect, or the purpose of its admission; but it was to ascertain what the written terms of the record were, by ascertaining when, by whom, and under what circumstances the alteration, apparent by inspection, was made. Our statute, on page 138, section 46, provides that " any party producing a writing as genuine, which has been altered after its execution in a part material to the question in dispute, and such alteration is not noted in the writing, shall account for the alteration or appearance." Also, in the case of *Speake et al.* v. *United States*, 3 *Curtis*, *p.* 245, Justice Story, in delivering the opinion of the court, used these words: " But it is to be considered that the parol evidence is not admitted to explain or contradict the terms of the written contract, but only to ascertain what those written terms are. On *non est factum*, the present validity of the deed or contract is in issue; and every circumstance that goes to show that it is not the deed or contract of the party is provable by parol evidence. It is of necessity therefore that the other party should support it by the same evidence. The fact that there is an erasure, or interlineation, apparent on the face of the deed, does not of itself avoid it. To produce this effect, it must be shown to have been made under circumstances that the law does not warrant. Parol evidence is let in for this purpose; and the mischief, if any, would equally press on both sides."

If it could not be admitted for such purposes, under such circumstances, it would be in the power of any one, who might have charge of the records, or who might obtain access to them, to make material alterations in them, and thus make them read entirely different from the way they were

originally made. On the 6th day of July, 1858, the official bond of Fargo was accepted, approved, and the approval indorsed thereon and filed, and the oath of office taken. Now, had the commissioners any power or authority, on the next day in the absence of Fargo, and without his knowledge, to cause two of the sureties to come before them, and have their names erased from the bond, and order it disapproved, after they had once acted upon it? We think not. Their powers and jurisdiction are limited by statute; and any official act of theirs, not thus authorized, is void. When the official bond of Fargo was presented, it was their duty to see that it was such an one as the law required, and if so, to approve it and cause their approval to be indorsed thereon, and it filed away among the public records; and the rights of the county became vested in the bond, and the sureties thereon responsible for the official acts of the sheriff; and after that, any act of the commissioners, interfering with those vested rights, was without authority, and, therefore, void. We are of the opinion that there is no error in this cause for which it should be reversed, and *judgment is affirmed.*