DAVIS, PLAINTIFF IN ERROR, V. PEVELER ET AL.

1. **Ejectment:** GENERAL ISSUE: EVIDENCE. The defendant in eject-
ment may, under the general issue, show title in himself by proof
that he purchased the property at sheriff's sale under a judgment
and execution against the plaintiff.

2. **Sheriff's Deed :** SCHOOL MORTGAGE: COUNTY COURT: PRESUMPTION:
DESTRUCTION OF RECORDS. A sheriff's deed purporting on its face
to have been executed by virtue of an order of some court, which
assumed the right to order the sale of land mortgaged to secure the
payment of school money, will be presumed to have been executed
under an order of. the county court, though that court is not
expressly named, where it appears by parol evidence that, before
the date of the deed, the owner of the land described in it had
borrowed school money from the county court, and had given a
mortgage upon real estate to secure its payment, under which
mortgage a sale had been made by the sheriff by order of that
court, and that afterwards the sheriff had died, and all the records
of the county had been destroyed.

3. **Evidence :** PRACTICE. The improper admission of evidence, which
was afterwards withdrawn from consideration by an instruction,
furnishes no ground for reversal of a case not tried before a jury.

4. **New Trial:** NEWLY DISCOVERED EVIDENCE. A motion for a new
trial, on the ground of newly discovered evidence, should disclose
its character, name the witnesses, and show that it is important.

*Error to Montgomery Circuit Court*—HON. GILCHRIST PORTER,
Judge.

*Nathan C. Kouns* for plaintiff in error.

I. The defendant ought not to have been allowed to
prove that he had bought plaintiff's title at sheriff's sale.
That defense ought to have been specially pleaded. *North-
rup v. Miss. Valley Ins. Co.*, 47 Mo. 443; *Kiskaddon v.
Jones*, [last term, not reported,] 2nd Wag. Stat. 1015, 812.
*Russell v. Whitely*, 59 Mo. 196; *Funkhouser v. Mallen*, 62
Mo. 555; *Brown v. Brown*, 45 Mo. 412; *Myers v. Gale*, 45
Mo. 416, and *Carter v. Scaggs*, 38 Mo. 302 were decided
under the Statute 2nd Wagner 1015 §12, but on the facts
of each special case.

II.   The sheriff's deed fails to show what court, or that any court, made the order on which it was executed. It certainly cannot be settled law in Missouri that a sheriff's deed, which utterly fails to show by what authority it is made, passes the title to a man's real estate, or that it will be presumed that a certain court in a certain county made an order, simply from the fact that no other court could lawfully do it, in the absence of any recital in the deed that the only court that might lawfully have done it did do it.

*Stuart Carkener* for defendant in error.

Norton, J.—This was an act of ejectment, in the Montgomery County Circuit Court, for the recovery of the possession of one hundred and forty-four $\frac{63}{100}$ acres of land in said county. The petition is in usual form, and the answer contains a general denial. On the trial defendants obtained judgment, and plaintiff brings the case here by writ of error. There was no dispute as to plaintiff having once had the legal title to the land sued for; but defendants claimed that they had purchased his title at a sale made by the sheriff of Montgomery county, under an order made by the county court of said county, directing it to be sold under a mortgage executed by plaintiff to secure the payment of school money, which had been loaned to plaintiff.

The defendants introduced evidence on the trial showing that all the records of Montgomery county had been burned in October, 1864, and also introduced as a witness Farrow, who testified that he had been presiding justice of the county court of that county from the year 1857 to 1863, and that plaintiff had borrowed money belonging to different school townships in the year 1857 or 1858; that in 1860 or 1861 the plaintiff was cited to appear and give additional security for the money so borrowed; that he appeared, and complied by giving a mortgage on real estate, and that in 1862 the land so mortgaged was sold

under an order of said court by the sheriff of the county. The deputy clerk of the county court testified that he attended to most of the business of the county clerk in the years 1861 and 1862, and for several years prior and subsequent thereto, and that he well recollected that plaintiff had borrowed school money, and his impression was that he gave a mortgage to the county to secure its payment. The treasurer of the county testified and produced entries from his treasurer's book, showing the payment of interest by plaintiff on bonds given for school moneys for the years 1859, 1860, 1861 and 1862; such payments indicating that one of the bonds was in excess of one hundred dollars. The defendants also offered in evidence a deed from the sheriff of Montgomery county dated October 30, 1862, conveying all of plaintiff's interest in the land sued for to defendants. All the above evidence was objected to on the ground that the defense sought to be established by it had not been specially pleaded, and the deed was objected to on the further ground that it did not show, on its face, any legal authority to sell.

There is nothing in the first ground relied upon, it being settled that defendant in ejectment, may, under the 1. EJECTMENT: general issue, show title in himself by proof eral issue; evidence. that he purchased the property at a sheriff's sale under a judgment and execution against the plaintiff, 45 Mo. 416; 38 Mo. 302.

The objection to the deed offered in evidence is disposed of by the case of *Warner v. Sharp*, 53 Mo. 599. In 2. SHERIFF'S DEED: that case the objection to the deed was that school mortgage; it did not recite what court made the order county court; presumption: destruction of records. directing a sale, nor the date of the order. cords. The deed in the case at bar is more specific in this, that it gives the exact date of the order. The recitals contained in the deed show that the sale in question was made by virtue of an order, and that the order was made by some court assuming to have the right to make an order for the sale of land mortgaged to secure the

payment of school money. This is evidenced by the statement, "and it is further ordered that the said sheriff make due return to this court of his proceedings, etc." If, at the time this order was made, there was no court in Montgomery county having jurisdiction to make such an order, the deed would be void. But, if there was a court having such jurisdiction, we think that the order might be referred to that court, and considered as having been made by it, especially when, as in this case, the fact is shown that the records of Montgomery county had been destroyed by fire, and the presiding justice of the county court testified to the fact that such an order had been made. The Revised Statutes of 1855, pp. 1423-6, which govern this case, provide that the county court shall loan out township school moneys, and for all sums in excess of one hundred dollars the court is required to take a bond with two or more sufficient securities, and also a mortgage upon unincumbered real estate situated in the county, with power to sell; that whenever the principal and interest, or any part thereof, secured by mortgage containing a power to sell, shall become due and payable, the county court may make an order to the sheriff reciting the debt and interest to be recovered, and commanding him to levy the same, with costs of the mortgaged premises, which shall be described as in the mortgage, and a copy of such order, duly certified, being delivered to the sheriff, shall have the effect of a *fieri facias* on a judgment of foreclosure in the circuit court, and shall be proceeded on accordingly. The conclusion, therefore, follows, from the recitals in the deed, that no other court but the county court could have made the order, and if so made, it invested the sheriff with power to sell, and a purchaser at such sale will be protected in his purchase, especially when the sheriff making the sale is dead, as was shown in this case, and the records of the court containing the order were destroyed by fire, and the fact of the order having been made is verified by the evidence of the presiding justice of the court in which

Davis v. Peveler.

it was made. We think the objection to the admission of the deed as evidence was properly overruled. This view of the case dispenses with the necessity for considering the objections made to the instructions given, as well as to the action of the court in refusing those asked.

The citation which was read in evidence, although not properly admitted as evidence, having been excluded from consideration by instruction, does not con-

3. EVIDENCE: practice.

stitute sufficient cause for reversal, as the case was tried by the court without the intervention of a jury, and because, even if admitted as evidence, it could have had no bearing on the case in the view we take of it. Nor is their sufficient ground to disturb the judgment of the court on the weight of evidence as to the execution of the mortgage. There was evidence on both sides, and in such case it has been again and again held that this court would not interfere.

Nor is there anything in the reason alleged in the motion for a new trial—that since the trial plaintiff had discovered new evidence, a portion of which was written—

4. NEW TRIAL: newly discovered evidence.

that justifies interference with the action of the trial court. The character of the evidence is not disclosed, the nature of it is not stated, no witness is named, nor is the evidence stated to be important, but simply alleged to be "new and more communicative in its character." The discretion of the court was not unsoundly exercised in overruling the motion on that ground. Judgment affirmed with the concurrence of the other Judges.

AFFIRMED.