Coit & Co. v. Churchill & Co. et al.

1. **Evidence:** PAROL TO SHOW ALTERATION OF WRITING. Oral evidence is always competent to impeach the validity of a written instrument on the ground of a fraudulent alteration.

2. ——: OF FRAUDULENT ALTERATION OF WRITING: PREPONDERANCE SUFFICIENT. In a civil action, a preponderance of the evidence is all that is necessary to establish the fraudulent alteration of the writing sued on.

*Appeal from Pottawattamie Circuit Court.*

WEDNESDAY, JUNE 13.

ACTION to recover the value of twenty kegs of mixed paint. Defendants admit in their answer that the paint had been

shipped to them by plaintiffs, but allege that they ordered two kegs only, and upon receipt of the goods, had notified plaintiffs that they would not keep them, except to be disposed of upon the order of plaintiffs, and that they had paid for the two kegs ordered. The defendants set up as a counter claim the value of the storage of the eighteen kegs after they were received by defendants. There was a verdict and judgment for defendants. Plaintiffs appeals.

*M. P. Brown,* for appellants.

*Wright & Baldwin,* for appellees.

BECK, J.—I. The plaintiffs introduced in evidence a written order signed by defendants, purporting to direct the shipment to them by plaintiffs of twenty kegs of paint. Thereupon defendants amended their answer, alleging that the order had been fraudulently altered, so as to read twenty kegs instead of two, by the addition of a cipher to the figure 2. Defendants were permitted to prove that the order was made out by the traveling salesman of plaintiffs, and, when signed by defendants, did not contain the cipher following the figure 2, and that defendants in fact ordered but the two kegs, and never ordered twenty. The evidence tending to show that the quantity purchased was objected to, on the ground that defendants thereby sought to contradict and vary the written order. We think the evidence was properly admitted. Defendants charged an alteration of the order; and proof of the quantity actually ordered had a bearing upon this charge. If a less quantity was actually ordered and agreed upon, this would in some manner support other evidence tending to show the alteration. The evidence did not tend to vary or contradict the writing, but to defeat it. Oral evidence is always competent to impeach the validity of an instrument on the ground of a fraudulent alteration. These are familiar rules that do not here demand the support of authorities.

II. The court directed the jury that they should find

their verdict according to the preponderance of the evidence. Plaintiffs' counsel insists that, to justify a verdict for defendants, a greater quantity of evidence in their behalf than mere preponderance was required. He insists that the evidence should be clear and satisfactory; and this it must be, under the rule requiring no more than a preponderance. As the law requires, no greater quantity, when that measure is reached it must be regarded by the jury as clear and satisfactory, for it is the precise quantity prescribed by the law. When a fraudulent and criminal act is pleaded in a civil action, it may be established by a mere preponderance of evidence. *Welch v. Jugenheimer*, 56 Iowa, 11. No greater quantity of evidence is required to establish the fraudulent alteration of an instrument of writing.

III. Counsel for plaintiffs insists that the instructions given to the jury rested the decision of the case upon the evidence showing the transaction and agreement of the parties before the written order was signed. The instruction expresses the thought that the decision of the case depends wholly upon the quantity of paint actually ordered by defendants. The reference in the instruction is clearly to the written order; to our minds, the language means that if the jury believe there was an alteration of that instrument, they must find for defendants, and if they do not find such alteration, their verdict should be for plaintiffs.

IV. It is urged that the evidence fails to support the verdict. We think differently. Upon the controlling point of the case, whether the order had been altered after it was signed by defendant, there was a conflict, and it cannot be claimed that the verdict of the jury was not the expression of an intelligent and correct exercise of the discretion conferred upon them by the law. The judgment of the circuit court must be

AFFIRMED.