## PATTON et al., Appellants, v. FOX et al.

### In Banc, June 18, 1902.

1. **Ejectment:** PLEADING: FORGED DEED: GENERAL DENIAL. Under a general denial in ejectment the defendant may prove any fact which goes to show that the plaintiff never had a cause of action. He can, under a general denial, show that a deed of trust upon which plaintiff's right to possession rests, is a forgery, or otherwise void. Nor is his answer in such case required to be verified by affidavit.

2. ———: ———: NON EST FACTUM: AFFIDAVIT: STATUTE. The statute (sec. 746, R. S. 1899), which provides that, when a suit is founded upon an instrument in writing charged to have been executed by the other party and not alleged to be lost or destroyed, "the execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof, by answer or replication, verified by affidavit," does not apply to an ejectment suit where the defense is that a certain deed of trust in plaintiff's chain of title and the note to secure which the same was given, are forgeries. An ejectment is not an action on the note or deed of trust. In such suit the issue of *non est factum* is raised by a general denial.

3. ———: WITNESSES: DECEASED MORTGAGEE: COMPETENCY OF MORTGAGOR. In an ejectment suit, based on a deed of trust charged in the answer to be a forgery, the maker is not a competent witness to testify that the instrument is a forgery if the *cestui que trust* is dead. In such case the mortgagor and the *cestui que trust* are "the original parties to the contract," and one of them being dead the other is not a competent witness for any purpose, and this is the rule whether or not the heir or the legal representative of such deceased beneficiary is or is not a party to the suit.

Appeal from Chariton Circuit Court.—*Hon. Jno. P. Butler,* Judge.

REVERSED AND REMANDED.

Vol. 169 mo—7

*Dysart & Mitchell, J. L. Martin* and *A. W. Johnson* for appellants.

(1) Under the pleadings the execution of every instrument and deed in plaintiffs' chain of title, which is regular on its face, acknowledged and duly recorded in Chariton county, appearing to be executed by defendants, is "adjudged confessed." And under the answers the defendants ought to to have been permitted to deny the execution of the deed of trust offered in evidence by plaintiffs given by defendants to Delia Fox. In an ejectment suit, the cause of action in issue and on trial is the title, and "the word title includes and signifies all the means and documents which evidence and establish the right of plaintiffs to recover in the action which they brought." Chapman v. Dougherty, 87 Mo. 617; Davis v. Wood, 161 Mo. 17; R. S. 1899, sec. 746. (2) The defendants were not competent witnesses in the case to deny the signing and acknowledgment of the deed of trust to Delia Fox. The defendants admitted that Delia Fox, the *cestui que trust* in the deed, was dead. The deed of trust was a muniment of title on which plaintiffs relied. It was a link in plaintiffs' claim of title and was "in issue and on trial" in the cause of action. Sec. 4652, R. S. 1899; sec. 8918, R. S. 1889; Chapman v. Dougherty, 87 Mo. 617; Davis v. Wood, 161 Mo. 25; Messimer v. McCray, 113 Mo. 382; Lewis v. Weisenham, 1 Mo. App. 222; Ashbrook v. Letcher, 41 Mo. App. 369; State ex rel. v. Thompson, 81 Mo. App. 549; Baker v. Reed (Mo.), 62 S. W. 1001; Curd v. Brown, 148 Mo. 82; Hach v. Rollins, 158 Mo. 182; Martin v. Jones, 59 Mo. 181; Poe v. Domic, 54 Mo. 119; Meier v. Thieman, 90 Mo. 433; Miller v. Slupsky, 158 Mo. 643; Gunn v. Thruston, 130 Mo. 339; Warrick v. Hull, 102 Ill. 280; Weatherbee v. Roots, 72 Miss. 355; Mitchell's Admr. v. Woodward (Del.), 2 Mar. 311; 3 Jones on Evidence, p. 1703; Henry v. Kline, 93 Ky. 358; 1 Wharton on Evidence, sec. 466. (3) There is no charge,

or proof, or hint of any fraud against either the justice of the peace who took the acknowledgment, or against the plaintiffs to whom the note and deed of trust were assigned and who in good faith paid full value therefor. The defendants make the justice of the peace their own witness and thereby vouch for his truthfulness. They call him to deny the certificate of acknowledgment to the deed of trust, but he affirms it. Even if the defendants were competent to testify, still their testimony, unsupported as it was, is not sufficient to impeach the certificate of the justice that the deed of trust was acknowledged before him. Comings v. Leedy, 114 Mo. 454; Biggers v. Building Co., 9 Mo. App. 210; Morrison v. McKee, 11 Mo. App. 594; Springfield, etc. Co. v. Donovan, 147 Mo. 622; Warrick v. Hull, 102 Ill. 280; Johnson v. VanVelsor, 43 Mich. 208; 2 Jones, Real Property, sec. 1197; Lickmon v. Harding, 65 Ill. 505; Keerr v. Russell, 69 Ill. 666; Fitzgerald v. Fitzgerald, 100 Ill. 385; Sassenberg v. Huseman, 182 Ill. 348; 1 Devlin on Deeds (2 Ed.), sec. 531; Shell v. B. & L. Assn. (Tenn.), 52 S. W. 909. (4) The defendant, Wm. H. Fox, ought not to have been permitted to testify to the handwriting of the attesting witness to the deed of trust, Rebecca Fox. She is not shown to be dead. She is living. Secs. 4652, 914 and 918, R. S. 1899.

*O. F. Smith* and *O. P. Ray* for respondents.

(1) "Under a general denial the defendants may prove any fact which goes to show plaintiffs never had a cause of action." Madison v. Railroad, 60 Mo. App. 600; Scudder v. Atwood, 55 Mo. App. 522. "An officer's certificate of acknowledgment of a deed is only prima facie evidence of the truth of its recitals, and the officer who took the acknowledgment is a competent witness, either to support, or to impeach it." Comings v. Leedy, 114 Mo. 454. "The general denial puts in issue every fact included within the allegations of

the petition, which the plaintiffs must prove in order to re-cover." Northrup v. Ins. Co., 47 Mo. 435; Springer v. Klein-sorge, 83 Mo. 152; Pierce v. Georger, 103 Mo. 540; Wannell v. Kem, 57 Mo. 478; Sharp v. McPike, 62 Mo. 300; Steffen v. Bauer, 70 Mo. 399; Mays v. Pryce, 95 Mo. 63. (2) The deeds read in evidence, considered along with the testimony of Patton, clearly show that the pretended note and deed of trust, under which plaintiffs claim title, were without any con-sideration passing from either James R. Fox or his wife, Delia Fox, to defendants, or either of them, and Patton further stated they had an abstract of the title to said property ex-amined by their attorney, showing that the "idea always held out" to Patton, by J. R. Fox, while the negotiations were going on between them, concerning said note and deed of trust, was false and fraudulent, and was so made by said J. R. Fox with the fraudulent intent and purpose of obtaining the two years' credit on the purchase price for the stock of drugs, bought by him of plaintiffs. The testimony of plaintiff Pat-ton shows that Delia Fox, the alleged beneficiary in said deed of trust, took no part whatever in the transaction; the nego-tiations and conversations with reference thereto "were all had with James R. Fox." There was no proof offered to show that Delia Fox ever had possession of said papers, or assigned same to plaintiffs. Nor is there any pretense, or claim, that James R. Fox was acting as the agent for his wife. (3) The defense being that there was no deed of trust; that the alleged deed of trust was a forgery, both defendants were competent witnesses to testify as to such forgery.

MARSHALL, J.—Ejectment for fifty acres of land in Chariton county. The petition is in the usual form. The defendants are Minnie E. Fox and her husband, W. H. Fox. The answer of W. H. Fox is a general denial. The answer of Minnie E. Fox is a general denial, with a special plea that she is the owner, in fee simple, of the land, and that it is

her homestead, but the allegation as to homestead she admitted on the trial was not the fact. The case was tried by the court, without a jury, and judgment was entered for the defendants, from which the plaintiffs appealed.

The trial developed the following facts and proceedings: The plaintiffs offered in evidence a deed of trust, dated April 25, 1893, purporting to have been made by Minnie E. Fox and William H. Fox, her husband, parties of the first part, to H. O. Grubs, trustee, party of the second part, and Delia Fox, wife of James R. Fox, party of the third part, conveying the land to secure a note of even date, for seven hundred and seventy dollars, payable two years after date to the order of Delia Fox, wife of James R. Fox, signed Minnie E. Fox, William H. Fox. This deed of trust appears to have been regularly executed and acknowledged by Minnie E. Fox and William H. Fox, on May 8, 1893, before Wm. Clark, a justice of the peace, in Chariton county, and was recorded in that county on May 10, 1893.

The defendants objected to the deed of trust on the ground "that it never was executed by these parties as it appears to have been by the certificate of the justice. Mrs. Fox never signed it and never appeared before the officer and never executed this deed at all." The court overruled the objection, and the deed of trust was read in evidence.

The plaintiffs then offered in evidence a deed from the sheriff, acting as trustee under said deed of trust, dated November 30, 1895, to the plaintiffs, conveying the land to the plaintiffs, by virtue of the foreclosure of the deed of trust. The defendants objected to this deed because the deed of trust was a forgery and, therefore, it afforded no basis for the deed to rest upon. But the court permitted the deed to be read in evidence. The value of the rents and profits and the damages having been agreed upon, the plaintiffs then rested.

The defendants then called Mrs. Minnie E. Fox as a witness, and it appearing from her testimony that Delia Fox,

the payee of the note and the *cestui que trust* in the deed of trust under which the plaintiffs claim title, was dead, the plaintiffs, for this reason, objected to Mrs. Fox testifying. The court overruled the objection, and plaintiffs duly saved an exception to the ruling. Thereupon Mrs. Fox testified she never signed or executed or acknowledged the note or deed of trust, never appeared before Wm. Clark, the justice of the peace, at any time, and never saw him until the day of the trial. She also testified that she never signed, executed or acknowledged a deed of trust, at any time, upon the land, to Delia Fox, before justice Shaughnessy, and that she never signed, executed or acknowledged any deed of trust upon the land, for any amount, at any time or to any person, and never heard of any such pretended deed of trust until 1895, when the plaintiffs were about to foreclose the deed of trust offered in evidence by them. The plaintiffs further objected to all this testimony, because the issue of the execution of this deed was not tendered by a plea by the defendants under oath denying the execution of this instrument. The court overruled the objection and plaintiffs duly excepted.

The defendants also called as a witness, William H. Fox. The plaintiffs likewise objected to his competency as a witness because the other party to the contract, Delia Fox, was dead, and also because the execution of the deed of trust was not denied under oath or any issue tendered as to the genuineness of the note and deed of trust. The court overruled the objection and the plaintiffs excepted. Thereupon William H. Fox testified that he never signed, executed or acknowledged the deed of trust, and never heard of it until about two years after its date, and that justice Clark never did any business whatever for him. That the signature of Rebecca Fox as a subscribing witness to the deed of trust, was not the signature of Rebecca Fox, who was his sister. The witness then made the following surprising statements, to-wit: that in April, 1893, his brother, James R. Fox, wanted to start in

business and wanted to buy a stock of drugs, and asked him "to help him out;" that in order to do so he, William H. Fox, made a note for seven hundred and seventy dollars to the order of Delia Fox, the wife of James R. Fox, and secured it by a deed of trust on this fifty acres of land; that he signed his own name and the name of his wife Minnie E. Fox to the note and deed of trust, and that he acknowledged the deed of trust for himself, and also for his wife, before 'Squire Shaughnessy; that his wife was in the kitchen cooking supper, and he asked the 'squire if it would not do just as well for him to sign and acknowledge the deed for his wife and the 'squire said it would, and so it was done; that the note and deed of trust were delivered to James R. Fox to help him to get the drugs; that this note and deed of trust was never paid, and he does not know where they are, but that the deed of trust has been released upon the records of Chariton county. This witness further testified that on May 8, 1893, the day the deed of trust involved in this case was acknowledged, he procured his mother, Elizabeth Laird, formerly Fox, and her husband, to execute a deed to his wife to perfect the title to this land in her; that such deed was acknowledged before Wm. Clark, the said justice of the peace, and was attested by his sister, Rebecca Fox, as a subscribing witness. He also admitted that after this note and deed of trust became due he wrote to the plaintiffs asking time in which to pay, and proposed to them to execute a new note and mortgage on this fifty acres and the eighty acres owned by him, and which adjoined this land, for $1,600 or $1,700, to cover this $770 and a mortgage that was then on the eighty acres, and that the plaintiffs agreed to this provided he would also include in the new deed of trust, one hundred and fifty dollars that James R. Fox owed them on open account, and would deposit with the sheriff fifty dollars, or a good sixty-day note for that amount, to cover all expenses of making the new loan, examination of title, etc., and that the matter then fell through.

The defendants then called as a witness, the justice of the peace, William Clark, who testified that the signature to the acknowledgment of the deed of trust in question,. was his genuine signature, but that he had no recollection whatever about the execution of the deed of trust, did not remember of William H. Fox, whom he had known for years, or Mrs. Minnie E. Fox, whom he had never seen until the trial, or Miss Rebecca Fox, whom he had also known for quite a while, ever coming before him at any time or ever acknowledging any deed of trust, as parties or witness; that the only way that he could conceive that he could have certified to the acknowledgment of this deed of trust, was that somebody might have shown him that this deed of trust was to take the place of another similar deed of trust that had been properly acknowledged, but which was defective in some way and that this deed of trust was intended to remedy or correct the defects in the other deed of trust, but that he did not recollect of any such thing taking place with respect to this deed of trust. Yet he admitted that his signature and certificate to this deed of trust is genuine.

This was all of the evidence offered by the defendants. The plaintiffs showed, in rebuttal, that James R. Fox purchased a stock of drugs from them for $770, and offered a note and deed of trust for that amount made by Minnie E. Fox and William H. Fox, payable to Delia Fox, in payment thereof; that their attorney found defects or flaws in the deed of trust and that it was returned to James R. Fox for correction; that then this note and deed of trust was delivered to them by James R. Fox, and thereupon they let him have the drugs; that after the note fell due and was not paid, they went to see the defendants about it; that Mrs. Minnie E. Fox, said they had expected to pay this note out of a check for $550 that they had, but that payment of that check had been stopped, so they could not pay this note; that William H. Fox said he could not pay this note then, and again asked plaintiffs to

take the proposed new deed of trust on the fifty and eighty acres for $1,700; that afterwards, Wm. H. Fox "intimated that the papers we had were no good," and said if the matter was pressed, it would get some mighty good people into trouble. When one of the plaintiffs was asked how this deed of trust was executed, he replied: "Well, you better ask that gentleman over there." The record does not show who was meant by this remark.

Upon this evidence and showing the circuit court entered judgment for the defendants and the plaintiffs appealed.

## I.

The defendants offered evidence tending to show that the deed of trust upon which the plaintiff's case is bottomed is a forgery, and was never signed, executed or acknowledged by the defendants. The plaintiffs objected to the evidence offered because no such issue was tendered or joined, and because to entitle the defendants to introduce such evidence it was incumbent upon them to plead *non est factum* and to verify the plea. In support of their objection the plaintiffs rely upon section 746, Revised Statutes 1899, which provides that when a suit is founded upon an instrument in writing charged to have been executed by the other party and not alleged to be lost or destroyed, "the execution of such instrument shall be adjudged confessed, unless the party charged to have executed the same deny the execution thereof, by answer or replication, verified by affidavit."

. If this was an action on the note or deed of trust, that statute would apply, and to entitle the defendants to the evidence offered it would have been necessary for them to plead *non est factum,* and to verify the plea. But this is not an action upon the note or deed of trust, and therefore that statute does not apply. This is a suit in ejectment. The deed of trust lies in the plaintiff's chain of title, but the suit is not

upon the deed of trust.   In this State, ejectment is a statutory remedy, and the pleadings and proceedings are regulated by statute, and the decisions applicable thereto.   The answer in this case is a general denial.   Under a general denial in ejectment, the defendant may show that the plaintiff never had a cause of action, or that the plaintiff's claim is fraudulent, and thus avoid the plaintiff's title.   [Greenway v. James, 34 Mo. l. c. 328; Bobb v. Woodward, 42 Mo. 482; Springer v. Kleinsorge, 83 Mo. l. c. 156.]   Or that the plaintiffs' right to possession is barred by limitation.   [Bird v. Sellers, 113 Mo. 590; Coleman v. Drane, 116 Mo. 387; Nelson v. Brodhack, 44 Mo. l. c. 599; Campbell v. Gas Co., 84 Mo. 352; Holmes v. Kring, 93 Mo. 452; Stocker v. Green, 94 Mo. 280.]   Or that the plaintiff has not the present right of possession. [Carter v. Scaggs, 38 Mo. 302.]   Or that the defendant has acquired the title of the plaintiff at a sheriff's sale.   [Davis v. Peveler, 65 Mo. 189.]   Or an agreed boundary line.   [Schad v. Sharp, 95 Mo. 573.]   Or the purchase of an outstanding title by another for the benefit of the defendant.   [Hickman v. Link, 97 Mo. l. c. 495.]   Or an estoppel.   [Tyler v. Hall, 106 Mo. 313; Suddarth v. Robertson, 118 Mo. 286.]   In short, under a general denial in ejectment a defendant may prove any fact which goes to show that the plaintiff never had a cause of action or that his claim is void *ab initio*. [Northrup v. Ins. Co., 47 Mo. l. c. 444; Nelson v. Brodhack, 44 Mo. 596; Madison v. Railroad, 60 Mo. App. 599; Scudder v. Atwood, 55 Mo. App. 512.]

If the deed of trust upon which the plaintiffs' right of possession rests, was a forgery, it was void, and, hence, the plaintiff never had a right of possession.   The general denial puts in issue the plaintiff's right of possession.   Therefore, under a general denial, the defendant can show that a deed in the plaintiffs' chain of title is a forgery, and thereby show that the plaintiff is not entitled to possession.   The circuit

court did not err, therefore, in overruling the objection to the introduction of evidence for this reason.

## II.

The next question is whether the defendants were competent witnesses. The grantee, in the deed of trust claimed to be a forgery, is dead. The plaintiffs, therefore, objected to the grantors in that deed of trust being allowed to testify. Section 4652, Revised Statutes 1899, provides that no person shall be disqualified as a witness in any civil suit, by reason of his interest, and then adds: "Provided, that in actions where one of the original parties to the contract or cause of action in issue and on trial is dead, or is shown to the court to be insane, the other party to such contract or cause of action shall not be admitted to testify either in his own favor or in favor of any party to the action claiming under him," etc.

The original parties to the deed of trust in question were Minnie E. Fox and her husband, William H. Fox, grantors, H. O. Grubbs, trustee, and Delia Fox, *cestui que trust*. Delia Fox is dead. Hence, "one of the original parties to the contract" is dead, and, therefore, the other parties to the contract are incompetent as witnesses for any purpose whatever. [Angell v. Hester, 64 Mo. 142; Ring v. Jamison, 66 Mo. 424; Wood v. Matthews, 73 Mo. l. c. 482; Chapman v. Daugherty, 87 Mo. 617; Leeper v. Taylor, 111 Mo. 312; Teats v. Flanders, 118 Mo. 660; Curd v. Brown, 148 Mo. l. c. 95; Hach v. Rollins, 158 Mo. l. c. 190, 191; Baker v. Reed, 162 Mo. 341; Miller v. Slupsky, 158 Mo. 643.]

The circuit court, therefore, erred in allowing Minnie Fox and William H. Fox to testify at all, and this error is fatal to this judgment, for there is no other substantial evidence in the case to prove that the deed of trust, upon which the plaintiff's case rests, is a forgery or otherwise insufficient to support the plaintiff's right of possession. The only evi-

dence offered by the defendants, outside of their own testimony, is the testimony of the justice of the peace, Clark, whose certificate of acknowledgment is attached to the deed of trust. His testimony is not enough by itself to support the claim that the deed of trust is forged.    His conduct and testimony gives color and perhaps enough corroboration to the testimony of the defendants to overcome the prima facie case made by the certificate, but as the testimony of the defendants was inadmissible, it leaves the case with a strong suspicion of forgery attaching to the deed of trust, but without sufficient legal evidence of that fact to justify or support the judgment.

It is a noticeable fact that, although both parties seem to concede that Rebecca Fox, whose name is subscribed to the deed of trust as an attesting witness, is alive she was not produced by either party to prove that she never witnessed the deed.    James R. Fox, the husband of Delia Fox, does not appear to be dead.    Yet he is not produced.    Justice Shaughnessy who permitted William H. Fox to sign, execute and acknowledge the first defective deed of trust, for both himself and his wife, Minnie E. Fox, is not called as a witness.    Both of the parties evidently know more about who executed this deed of trust than appears from the abstract of the record before this court.    For William H. Fox said if this deed of trust was enforced some good people would suffer, and the plaintiff, Patton, when asked who executed this deed of trust, answered: "Well, you better ask that gentleman over there."    The examination stopped there, so far as the abstracts show.    But it is only reasonable to believe that the parties knew who he referred to, and also that all the facts known to the parties litigant do not appear in the record before this court.

The judgment of the circuit court is reversed and the cause remanded for a new trial in conformity herewith.

All concur.