## Wytheville.

### BURNETTE v. YOUNG.

June 13, 1907.

1. EVIDENCE—*Parol Evidence to Show Alteration of Writing.*—Parol evidence is admissible to show that, after an unsealed paper had been executed, delivered and recorded, a scroll, by way of a seal, was affixed to the name of the maker, both on the original paper and on the record, without the knowledge or consent of the maker.

2. DEEDS—*Absence of Seal—Conveyance of Land.*—A paper concluding "Witness my hand and seal," but to which no seal, or scroll by way of seal, is annexed, is not a sealed instrument, and is ineffectual to convey land in this state.

Error to a judgment of the Circuit Court of Henrico county, in an action of ejectment. Judgment for the defendant. Plaintiff assigns error.

*Reversed.*

The opinion states the case.

*Jno. B. Swartwout* and *Alex. H. Sands,* for the plaintiff in error.

*Isaac Diggs, M. H. Omohundro* and *E. B. English,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

Plaintiff in error, Virginia O. Burnette, was, on the 5th day of June, 1905, the owner in fee simple of a certain tract of

land in Henrico county, Virginia, containing 121 acres, with improvements thereon; and on that date she, at the office of M. H. Omohundro, an attorney at law, in the city of Richmond, signed a certain paper, which she claims was not a deed, but a contract to convey the said farm in fee simple to appellees, D. V. Omohundro, the wife of said M. H. Omohundro, and M. R. Casselman, the wife of one Lawrence Casselman, with certain privileges reserved to herself to take back the farm within a certain time. This paper was taken at once to the clerk's office of Henrico county, and spread upon the records of deeds in that office, the acknowledgment of plaintiff in error of the execution of the deed having been, in due form, certified by a notary public for the city of Richmond.

On the 11th day of October, 1905, D. V. Omohundro and M. R. Casselman, by deed, in which their respective husbands united, conveyed the said farm to the defendant in error, Alice M. Young, and by virtue of that conveyance, which was also recorded in the clerk's office of Henrico county, she took immediate possession of the property, in November, 1905; whereupon plaintiff in error, to the second December rules, 1905, instituted this action of ejectment to recover of the defendant in error the possession of the said property.

No notice of the intention to set up equitable defense having been filed for defendant in error, as provided by sec. 2743 of the Code of 1887—same section, Code, 1904—the trial was had upon the general issue of not guilty.

The sole question presented is, whether or not the so-called deed of June 5, 1905, was sufficient in law to pass from plaintiff in error to defendant in error's grantors the legal title to the property in dispute, and the right to the possession thereof.

Plaintiff in error sought to and did prove that there was no seal or "scroll" affixed, by way of seal, to this deed at the time the same was signed and delivered, but that the same, without the knowledge or consent of plaintiff in error, was subsequently affixed and added thereto. It appears that on the 23rd day of

June, 1905, and after it had been spread upon the deed book of Henrico county clerk's office, M. H. Omohundro, upon examining this deed, found that neither upon it, nor the deed book, where it was recorded, was there a seal or a "scroll" affixed by way of seal, and he then added the seal after the signature of plaintiff in error, and the deputy clerk added the same to the recorded copy in the deed book.

After this proof had been admitted, it was, on the motion of defendant in error, and over the objection of plaintiff in error, stricken out; and the court, by the refusal to give instruction "C," asked for by plaintiff in error, and in giving instruction No. 1, asked for by defendant in error, in effect, directed the jury to find a verdict for the defendant, which they accordingly did, and judgment was entered thereon against plaintiff in error.

It was sought by instruction "C" to have the jury told that the legal title to land in this state can only pass between parties by deed; that no instrument in writing is a deed unless there is affixed to the signature of the signer a seal, or else what is known in law as "a scroll," affixed by way of seal; and if the jury believed from the evidence in the case that the deed offered in evidence by the defense, as a deed from plaintiff in error to D. V. Omohundro and M. R. Casselman, had no seal or "scroll" affixed by way of seal thereto, at the time the same was signed and acknowledged, but was subsequently affixed or added, the instrument failed to carry the legal title from the plaintiff in error, regardless of whether she intended to make a deed conveying the property or not.

Instruction No. 1, given in lieu of instruction "C" refused, is as follows: "The court instructs the jury that the deed from Mrs. Burnette to Mrs. Casselman and Mrs. Omohundro, dated June 5, 1905, was duly and properly admitted to record on the same day, and that Mrs. Young, the purchaser, is not bound by anything except by the record, and that they should not consider any oral testimony tending to impeach said recorded deed, and should, therefore, find a verdict for the defendant."

The jury were thus instructed upon the theory that parol evidence was inadmissible to prove that there was no seal attached to the deed in question when signed by plaintiff in error, nor when spread upon the records of the clerk's office, but when it was withdrawn from the office without her knowledge or consent, the seal was added to the deed annexed to her signature, and the deputy clerk copied the same in the deed book.

It is unquestionably true that parol evidence will not be admitted to vary the terms of a written instrument, but when the parol evidence was offered in this case, it was not for the purpose of varying the terms of the written instrument, but to show that the instrument was absolutely void or that it never had any legal existence, by reason of fraud or by reason of want of due· execution.  Defendant in error was standing upon the deed in question as conclusive evidence of her right to the possession of the property the instrument purported to convey, and it would be a harsh doctrine indeed that excluded evidence on behalf of plaintiff in error to show that the instrument never had any legal existence, by reason of forgery, alteration or fraud in its procurement, or the want of due execution or other reasons for which the instrument would, in law, be absolutely void.

1 Greenleaf's Ev. sec. 284, referring to the rule as to the admissibility of parol evidence affecting written instruments, says: "It is, in the next place, to be noted that the rule is not infringed by the admission of parol evidence, showing that the instrument is altogether void, or that it never had any legal existence or binding force, either by reason of fraud, or for want of due execution and delivery, or for the illegality of the subject matter; this qualification applies to all contracts, whether under seal or not."

Sec. 1511, Elliott on Evidence, is as follows: "The rule which forbids the admission of parol evidence to vary a written contract, has no application to evidence offered to show a fraudulent or unauthorized alteration in a written instrument, and relevant parol evidence is admissible to. impeach such an instrument on that ground."

It was held in *Herring* v. *Lee*, 22 W. Va., 672, that if a record is interlined or erased by some unauthorized person, such alteration constitutes no part of the record, and it may be assailed by parol testimony; that this is not controverting the absolute verity of the record, but it is simply inquiring as to what really constitutes the record, and if this were not so, a forged record could be imposed upon the court as genuine by a mere intruder or usurper.

The case of *Patton* v. *Fox*, 169 Mo. 97, 69 S. W. 287, was an action in ejectment, in which the plaintiff offered a deed in evidence as a part of his chain of title, and the defendants offered evidence that this deed was a forgery, which evidence was objected to; but the court held that it was admissible, the opinion saying: "If the deed of trust upon which the plaintiff's right of possession rests, was a forgery, it was void, and hence the plaintiff never had a right of possession. Therefore, under a general denial, the defendants can show that a deed in the plaintiff's chain of title is a forgery, and thereby show that the plaintiffs are not entitled to possession."

To the same effect is *Holmes* v. *Green*, 105 N. C. 251, 11 S. E. 470, 18 Am. St. Rep. 893, also *Mobley* v. *Griffin*, 104 N. C. 112, 10 S. E. 142.

In *Stanley* v. *Hansel*, 35 Neb. 160, 52 N. W. 888, which was an action in ejectment, the court said: "The evidence tending to show that the deed from Plummer to Christopher was obtained by fraud and undue influence, was, however, admissible of the answer."

In *Barnet* v. *Abbot*, 53 Ves. 120, parol evidence was held admissible to prove that a bond was ante-dated; that it was not sealed at the time of signing; and that the sureties never authorized any one to seal it.

In the case of *Wren* v. *Fargo*, 2 Ore. 19, parol evidence was held admissible to show that a bond accepted by a commissioner for a county was altered after such acceptance, the court saying: "If it could not be admitted for such purposes under such cir-

cumstances, it would be in the power of anyone who might have charge of the records, or might obtain access to them, to make material alterations in them and thus make them read entirely different from the way they were originally made." See also *Coit* v. *Churchill Co.*, 61 Ia. 296, 16 N. W. 147.

In *Everman & Co.* v. *Robb*, 52 Miss. 655, 24 Am. Rep. 682, parol evidence was admitted to prove that a lease, acknowledged and recorded, had been altered after it had been signed, the opinion holding that the testimony was pertinent and relevant as tending to prove that the instrument was void, as the alleged alteration was in a material matter, and whether it would have been sufficient to satisfy the jury, was not a question for the court to decide.

In *Wood* v. *Steele*, 6 Wall. 80, 18 L. ed. 725, the court holds that the rule of the common law, that alterations in a deed avoid it, applies to mercantile paper, and the opinion is to the effect that a material alteration in a deed or in any commercial paper avoids it, provided, always, that the alteration is without the consent of the party sought to be charged or affected by the alteration.

The case of *Bias* v. *Floyd, Governor*, 7 Leigh 640, was a *scire facias* on a recognizance taken before a justice of the peace and certified to the superior court of the county in which it was taken, and the defendant offered evidence to prove that the recognizance had been materially altered after it was taken and without the defendant's knowledge or consent, which evidence was excluded, upon the theory that it was inadmissible because introduced to vary the terms of the record; but this court reversed that ruling, the opinion by Tucker, P., saying: "It would be a reproach to the jurisprudence of any country, if a material alteration in an obligation, however solemn, or even in the records of the court itself, to the prejudice of a party, could be in no wise corrected. In this case, the parties entered into a recognizance which would have been void if it had remained unaltered. It is changed; it is never re-acknowledged

by them after the change, and the principal does not even know of the change. It is impossible to consider them as bound by the instrument in its present form."

In the case before us, it unmistakably appears that the deed in question was never in fact a deed, for the reason that there was no seal affixed to it. The statement of Omohundro, who withdrew this paper from the clerk's office, is: "To the best of my recollection, when I came down to withdraw the deed from the records, Mr. Leech and myself compared the deed, and when we got through he asked me did I notice anything lacking on the deed. I told him I did not. He said: 'How about the seal?' I told him, 'There is the seal on it, Witness my hand and seal, I consider that a seal.' He said, 'There is no scroll or seal at the end of the name.' I said, 'That don't matter.' He said, 'Better have it on there,' and he handed me a pen and I put it on. I don't know whether it was the word 'seal,' or the brackets too; it strikes me the brackets were there, and I wrote the word 'seal.' When I got through, he said, 'Hand it here now,' and I handed it to him, and he put it on the book the same way." The witness goes on to say that he thinks, though he is not positive, that the scroll was there, and he only wrote the word "seal" within the scroll—that is, within a line merely drawn around on the paper next to the signature affixed to the deed; but the witness, Flegenheimer, who transcribed the deed upon the deed book of the clerk's office, testifies that when he did so, there was no seal or scroll affixed by way of seal, after the signature of Mrs. Burnette. When asked, "Did it have any line around it?" (referring to the line around the seal after the seal had been inserted) "or has that line been added since then?" his answer is that it had nothing at all after the name of Mrs. Virginia O. Burnette.

The court is of opinion that this evidence was admissible, and should not have been excluded from the consideration of the jury.

It is argued, however, that a seal or a scroll affixed by way of

a seal to the signature of a grantor in a deed, is not necessary in this state to convey title to real estate. To sustain this proposition, we have no authority in the decided cases of this court.

Section 2413 of the Code provides: "No estate of inheritance or freehold, or for a term of more than five years, in lands, shall be conveyed unless by deed or will. * * *

The learned counsel for defendant in error misapprehends the decision of this court in *Lewis* v. *Overby*, 28 Gratt. 627. The court there did not hold that when the seal was acknowledged in the body of the instrument, the paper was a sealed instrument, whether the scroll was affixed to the signature or not; but the point decided was, that when a paper, which, in the body of it says, "As witness my hand and seal," has the word "seal" affixed to the signature of the maker, it is a sealed instrument within the meaning of the statute. That is not the case here. While the deed in question concludes with the words, "Witness the following signature and seal," and plaintiff in error signed it, there was then no seal or scroll affixed by way of a seal to her signature; and according to the evidence which was excluded, it was not made to appear as a sealed instrument until after it had been transcribed upon the deed book in the clerk's office.

In giving the requisites of a deed in this state, 2 Min. Inst., p. 727, says: "It is requisite, seventhly, that the party whose deed it is should seal it," etc.

In *Reusens* v. *Lawson*, 91 Va. 226, 21 S. E. 347, it was clearly regarded as a matter of course that a seal is essential to a deed, although it was held that, in the case of ancient documents, where the seal might have been lost, it was a question of fact for the jury whether the instrument was sealed or unsealed.

In *Sup. of Washington Co.* v. *Dunn*, 27 Gratt. 615, the opinion by Staples, J., says: "A person who signs, seals and delivers an instrument as his deed, can never be heard to ques-

tion its validity upon the ground that it was not acknowledged by him nor proved at the time of the delivery. It is the sealing and delivery that give efficacy to the deed, not proof of the execution." While this language of the learned judge may be considered as *dictum,* it is entitled to weight, as it clearly indicates that the court regarded that the sealing, as well as the delivery of a deed, was essential to its validity.

The case of *Pratt* v. *Clemens,* 4 W. Va. 443, is in point. In that case the instrument was a deed of trust, ending with "Witness the following signatures and seals;" but to the signatures of the signers there were no seals, or scrolls by way of seals, affixed, and, although in that shape, it was admitted to record, the court held that it was not a deed of trust—that is, that it was not sufficient to pass title to the land it purported to convey.

In Maine the statute on the subject is about the same as in this state, and in *McLaughlin* v. *Randall,* 66 Me. 226, the opinion says: "Two questions may be regarded as presented here. 1st, Can land in this state be conveyed by a written instrument without a seal? 2nd, Has a 'scroll' the effect of a seal? There can be no doubt that land in this State cannot be conveyed by an instrument without a seal. By the common law, the earliest and the latest, a seal is regarded as an essential part of a deed." See also Lomax Dig., 28; 2 Blackstone's Com., 305.

The court is of opinion that instruction "C," as asked for by plaintiff in error, was a correct instruction as to the law of this case, and the same should have been given instead of instruction No. 1, asked for by defendant in error.

For the foregoing reasons, the judgment of the circuit court will be reversed and annulled, and the cause remanded for a new trial, to be had in accordance with the views herein expressed.

*Reversed.*